**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Michael Frederick MARTIN,
Defendant-Appellant.**

No. 83–1229.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 12, 1984.

Decided Sept. 7, 1984.

Eugene Bracamonte, Jon Cooper, Asst. U.S. Attys., Tucson, Ariz., for plaintiff-appellee.

Fredric F. Kay, Asst. Federal Public Defender, Tucson, Ariz., for defendant-appellant.

Before KENNEDY and CANBY, Circuit Judges, and McGOVERN,* District Judge.

KENNEDY, Circuit Judge:

This case raises a question of interpretation under the Speedy Trial Act, 18 U.S.C. §§ 3161–3174 (1982). We reverse the conviction.

Martin, a convicted felon, purchased four handguns, filling out separate forms for each firearm. He included on each form the false statement that he had never been convicted of a felony. He was indicted on

---

* Honorable Walter E. McGovern, Chief Judge, United States District Judge for the Western District of Washington.

four counts of violating 18 U.S.C. § 922(h)(1) (receipt by a convicted felon of a firearm which traveled in interstate commerce by a convicted felon) and on four counts of violating 18 U.S.C. § 922(a)(6) (making a false statement to obtain a firearm). He now appeals his conviction, arguing that post-indictment delays violated the Speedy Trial Act and that six counts of the indictment are multiplicious.

Before trial, Martin's counsel advised the court that Martin's principal defense was that an Arizona statute had restored his civil rights and thus removed him from a felon's status for purposes of the federal statute. 18 U.S.C. §§ 922(a)(6) & (h)(1). In raising this defense, he was challenging explicit Ninth Circuit precedent holding that the federal statute applied regardless of the state's expungement by the state. *United States v. Bergeman,* 592 F.2d 533 (9th Cir.1979); *United States v. Herrell,* 588 F.2d 711 (9th Cir.1978), *cert. denied,* 440 U.S. 964, 99 S.Ct. 1511, 59 L.Ed.2d 778 (1979). Trial was set for May 12, 1982. On March 22, 1982, the United States Supreme Court granted certiorari in *Dickerson v. New Banner Institute, Inc.,* 455 U.S. 1015, 102 S.Ct. 1708, 72 L.Ed.2d 132 (1982). The case presented the precise issue that Martin claimed the Ninth Circuit had wrongly decided in *Bergeman* and *Herrell.* The prosecution joined Martin in a stipulation to postpone trial until the Supreme Court's decision in *Dickerson,* and on May 4, 1982, the district court ordered a continuance, finding that the ends of justice would be served, and that an earlier trial date could result in a miscarriage of justice. 18 U.S.C. § 3161(h)(8)(B)(i).

The Supreme Court decided *Dickerson* on February 23, 1983. It accepted the Ninth Circuit's position. Rehearing was denied on April 25, 1983. 461 U.S. 911, 103 S.Ct. 1887, 76 L.Ed.2d 815 (1983). Presumably because no one was paying attention to the case, Martin's trial eventually was reset for August 18, 1983, 176 days after the Supreme Court's decision in *Dickerson* and 115 days after rehearing was denied. The district court found that 30 days were further excludable from Speedy

Trial Act computations because of the complexity of the case and the existence of novel questions of fact and law. Three days before trial, Martin moved to dismiss for violation of the Speedy Trial Act. The district court denied his motion, and Martin was convicted after trial on stipulated facts.

Section 3161(c)(1) of the Speedy Trial Act commands that trial shall commence within 70 days of the filing of the indictment, and if the time limit of section 3161(c)(1) is not met, the court must dismiss the indictment under section 3162(a)(2). *United States v. Perez-Reveles,* 715 F.2d 1348, 1353 (9th Cir. 1983).

█ A continuance under section 3161(h)(8)(A) requires an explicit finding that the ends of justice served by the delay outweigh the interest of the public and the defendant in a speedy trial. *United States v. Perez-Reveles,* 715 F.2d at 1351–52. The ends of justice exclusion must be used only where necessary and may not be granted as a matter of course. *Id.; United States v. Nance,* 666 F.2d 353, 355 (9th Cir.), *cert. denied,* 456 U.S. 918, 102 S.Ct. 1776, 72 L.Ed.2d 179 (1982). The provision is not a general exclusion for every delay, and any continuance granted under it must be based on specific underlying factual circumstances. *United States v. Pollock,* 726 F.2d 1456, 1461 (9th Cir.1984).

█ Here the issue taken by the Supreme Court was entirely dispositive of the case, and both parties agreed to the continuance. The district judge explicitly found that a miscarriage of justice might result if the case were not continued, and that the interests of the defendant and the public in a speedy trial were outweighed by this concern. The defendant was not in custody and presented no danger to the public. Under the circumstances, the continuance for the Supreme Court's decision was within the district judge's discretion.

█ We must reverse nevertheless. As long as *Dickerson* was undecided, the Speedy Trial Act was tolled. But the time exclusion based on the pending case necessarily must have ended when *Dickerson* was filed. *Cf. United States v. Peltier,*

422 U.S. 531, 533, 95 S.Ct. 2313, 2315, 45 L.Ed.2d 374 (1975) (for retroactivity analysis, fourth amendment exclusionary rule applies only to border searches occurring after the Supreme Court's decision invalidating such searches was filed). Martin's trial began on August 17, 1983, 175 days after *Dickerson* was filed. Even assuming that 30 additional days were excludable for complexity and novelty, the 70-day requirement of section 3161(c) was not met. We vacate the conviction and remand to the district court.

On remand, the district court will determine, in the first instance, whether dismissal of the indictment should be with or without prejudice under the factors enumerated in 18 U.S.C. § 3162(a)(2). *United States v. Perez-Reveles*, 715 F.2d at 1353. Our disposition makes it unnecessary to address Martin's claim that the indictment counts were multiplicious.

REVERSED and REMANDED.

Reinhardt, Circuit Judge, filed concurring opinion.