**PEOPLE OF the TERRITORY OF GUAM, Plaintiff–Appellee,**

v.

**Vincent T. TEDTAOTAO, Defendant–Appellant.**

No. 88–1054.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 15, 1989.

Decided Feb. 13, 1990.

Howard Trapp, Agana, Guam, for defendant-appellant.

J. Nicholas Bostic, Asst. Atty. Gen., Agana, Guam, for plaintiff-appellee.

Before WALLACE, TANG and SCHROEDER, Circuit Judges.

TANG, Circuit Judge:

Vincent Tedtaotao appeals his convictions for murder, attempted murder and use of a deadly weapon. We affirm.

## FACTS AND PROCEEDINGS

Based on an incident at a nightclub in Maite, Guam on August 20, 1985, the Guam Superior Court territorial grand jury indicted Tedtaotao for (1) the murder of David Untalan, in violation of 9 Guam Code Ann. § 16.30; (2) the attempted murder of Danny Camacho, in violation of 9 Guam Code Ann. §§ 13.10, 16.30; and (3) two counts of use of a deadly weapon, charges which made Tedtaotao subject to an enhanced sentence under 9 Guam Code Ann. § 80.37.

At trial in the Superior Court of Guam, Tedtaotao claimed self-defense. He sought to present evidence of Untalan's violent character to prove Untalan was the initial aggressor. The government filed a motion in limine to exclude this evidence. During discussions concerning the motion, the government informally stipulated that Untalan was the initial aggressor.

The trial court granted the prosecution's motion. In its order granting the motion, the trial court stated that in light of the prosecution's stipulation that Untalan was the initial aggressor, the evidence was not admissible to prove that fact. The trial court also concluded that since Tedtaotao had no prior knowledge of Untalan's violent character (Tedtaotao did not know Untalan before the fight), the character evidence was also inadmissible to prove that Tedtaotao's use of force was reasonable.[1]

On June 4, 1986, the jury convicted Tedtaotao on all charges. The Appellate Division of the District Court of Guam ("Appellate Division") affirmed, ruling that the trial court did not err in excluding the character evidence. Tedtaotao filed a timely appeal.[2]

---

1. On appeal to this court, Tedtaotao asserts only that the character evidence should have been admitted to show that Untalan was the first aggressor. Consequently, we do not address whether the evidence was admissible to prove the reasonableness of the force used.

2. The Appellate Division of the District Court of Guam had jurisdiction pursuant to 48 U.S.C. § 1424–3(a), and we have jurisdiction pursuant to 48 U.S.C. § 1424–3(c).

## STANDARD OF REVIEW

The Appellate Division reviews the Superior Court's decision to admit or exclude evidence for an abuse of discretion. *See United States v. Olsowy*, 836 F.2d 439, 443 (9th Cir.1987), *cert. denied*, 485 U.S. 991, 108 S.Ct. 1299, 99 L.Ed.2d 509 (1988). We in turn review the Appellate Division's decision *de novo. Guam v. Yang*, 850 F.2d 507, 511 (9th Cir.1988) (en banc).

## DISCUSSION

Tedtaotao contends that the trial court erred when it refused to admit evidence of Untalan's character to prove that he was the initial aggressor. We disagree.

■ Under Guam law, evidence of a character trait of the victim is admissible if that trait is pertinent to the case. 6 Guam Code Ann. § 404(a)(2). " 'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." 6 Guam Code Ann. § 401. However, "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." 6 Guam Code Ann. § 403.

■ We conclude that the trial court did not abuse its discretion when it ruled that Tedtaotao could not use evidence of Untalan's character to prove Untalan was the initial aggressor. Although the character evidence was relevant to determine whether Untalan was the initial aggressor, its probative value was substantially lessened given the government's concession.[3] That concession left no doubt that Untalan was the initial aggressor. Therefore, evidence of Untalan's violent character to prove that Untalan was the initial aggressor would have been cumulative.

Moreover, because the probative value of the character evidence was slight, the probative value was substantially outweighed by other dangers. Those dangers included: (i) unfair prejudice (the jury might have focused excessively on Untalan's character); (ii) confusion of the issues (because the prosecution already conceded the issue of initial aggressor, the jury might have confused the issues, taking the admission of Untalan's character as an invitation to judge Untalan's character rather than Tedtaotao's guilt); (iii) misleading the jury (the jury might have turned its focus from Tedtaotao to Untalan); and (iv) needless presentation of cumulative evidence (the government had already conceded the issue).

AFFIRMED.

---

**3.** Tedtaotao argued for the first time in his reply brief that he should not have had to accept the concession. However, this argument is waived because generally we will not review an issue that a party failed to raise in his or her opening brief and raises for the first time in his or her reply brief. *See Gray v. Lewis*, 881 F.2d 821, 823 n. 3 (9th Cir.), *cert. denied*, —— U.S. ——, 110 S.Ct. 549, 107 L.Ed.2d 546 (1989).