UNITED STATES of America, Plaintiff–Appellee,

v.

Leslie Roy JORDAN and Ronald Bernard Croft, Defendants–Appellants.

Nos. 88–1175, 88–1219.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 16, 1990.

Decided Oct. 3, 1990.

Gene P. Borre, Fresno, Cal., Donald H. Heller, Sacramento, Cal., for defendants-appellants.

Carl M. Faller, Asst. U.S. Atty., Fresno, Cal., for plaintiff-appellee.

Before HUG, SKOPIL and SCHROEDER, Circuit Judges.

SCHROEDER, Circuit Judge:

The sole issue presented in each of these appeals is whether the appellants were tried within the limitations of the Speedy Trial Act, 18 U.S.C. § 3161 *et seq.* (1988). Appellants Leslie Roy Jordan and Ronald Bernard Croft appeal from their convictions for narcotic offenses.[1] The appellants were tried together, and the material facts with respect to the Speedy Trial issue are the same for both.

The appellants were originally charged in a massive indictment with 31 other co-defendants. The indictment was returned June 12, 1986. The Speedy Trial Act commands that a defendant be tried within 70 days of a filing of an indictment or information, or the first appearance before a judge or a magistrate. 18 U.S.C. § 3161(c)(1). It also contains certain exclusions which toll the running of the 70 days, including a catchall exclusion for the "ends of justice."[2]

On July 14, 1986, the day of Jordan's arraignment and a few days after Croft's, the district court entered a "general order" that the entire 33-defendant case was complex and came within the "ends of justice" exclusion, thereby stopping the speedy trial clock. The district court never indicated when, if ever, the continuance would terminate. Instead, it set a status conference for the following month. The court reiterated the existence of the exclusion at that status conference on August 25, 1986. Also at that conference, the court set discovery deadlines, but kept in effect what purported to be an indefinite continuance of the trial date. There was no objection to these orders. We assume for purposes of this appeal that the complexity of the case justified the exclusion of some period of delay as of the time when the orders were entered.

On February 12, 1987, however, circumstances changed. The district court severed the counts on which appellants were eventually tried in this case from all the counts against 22 of the other defendants. This case now involved only six defendants. The government's motion to sever was based on the fact that the evidence against these defendants in these counts related to three smuggling trips which occurred during a relatively short period of time, that they could easily be severed from the remainder of the counts in the indictment, and that severance would greatly simplify

1. Jordan was convicted of violating 21 U.S.C. § 952(a) and 18 U.S.C. § 2 (aiding and abetting the importation of marijuana) (1988). Croft was convicted of violating 21 U.S.C. § 963 (conspiracy to import marijuana); 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2 (aiding and abetting the possession with intent to distribute marijuana); 21 U.S.C. § 952(a) and 18 U.S.C. § 2 (aiding and abetting the importation of marijuana); 18 U.S.C. § 1952 and 18 U.S.C. § 2 (aiding and abetting foreign travel to promote criminal activity).

2. The relevant provision reads in its entirety: (h) the following periods of delay shall be excluded in computing the time within which an information or an indictment must be filed, or in computing the time within which the trial of any such offense must commence:
. . . .

(8)(A) Any period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial. No such period of delay resulting from a continuance granted by the court in accordance with this paragraph shall be excludable under this subsection unless the court sets forth, in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial.
18 U.S.C. § 3161(h)(8)(A) (1988).

the trial. The district court set a jury trial for June 23, 1987, but entered no order excluding that period of delay from the 70–day requirements of the Speedy Trial Act.

Between March 1987 and August 1987 there were pending a number of motions filed by co-defendants in this case, and we assume for purposes of this appeal that that time was independently excludable from the Speedy Trial Act computation by virtue of section 3161(h)(1)(F). This section excludes "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion." 18 U.S.C. § 3161(h)(1)(F). We accept, arguendo, the government's position that as of August 28, 1987, only twelve days of non-excludable time had elapsed.

On August 28, 1987, however, the district court issued an order setting a new trial date for November 12, 1987, more than 70 days later. Thus, without some basis for excluding that delay from the 70–day limitation, the trial would be in violation of the Speedy Trial Act. The order did not recite any basis for excluding the time which would be consumed by that continuance. Indeed, at that point, there was no apparent basis for the exclusion of the time, other than the original ends of justice order based on complexity. That order, however, had been entered more than a year earlier, before the single indictment had been severed into separate cases.

On November 9, after no intervening events had occurred to justify exclusion of the delay, defendants filed a motion to dismiss the indictment with prejudice because of the violation of their rights to speedy trial. The motion was denied. The trial commenced on November 12, resulting in the convictions now appealed.

In denying defendants' motion to dismiss for violation of the Speedy Trial Act, the district court took the view that the original "general order" entered in July of 1986, was sufficient to create an "ends of justice" exclusion for all continuances subsequently entered, regardless of any changes

in circumstance, and without the need for further findings.

The statute, however, contemplates findings to support each period of delay based on that "ends of justice" continuance. It states:

> no such period of delay resulting from a continuance granted by the court shall now be excludable under this [ends of justice] subsection unless the court sets forth, in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial.

18 U.S.C. § 3161(h)(8)(A).

We have held that the indictment does not have to be dismissed if the district court fails to make a contemporaneous record of the support for a finding of complexity justifying an ends of justice exclusion, so long as the court sets forth the reasons for the finding at some point. *United States v. Bryant,* 726 F.2d 510, 511 (9th Cir.1984). We have observed, however, that "ends of justice" exclusions were intended by Congress to be "rarely used," *United States v. Nance,* 666 F.2d 353, 355 (9th Cir.1982), and that the provision is "not a general exclusion for every delay." *United States v. Martin,* 742 F.2d 512, 514 (9th Cir.1984). We have insisted that any continuance granted under it must be based on "specific factual circumstances." *Id.* Moreover, in *United States v. Pollock,* 726 F.2d 1456 (9th Cir.1984), we made the limitations on its use clear. "We hold that an 'ends of justice' exclusion under section 3161(b) is proper *only if ordered for a specific period of time* and justified on the record with reference to the factors enumerated in section 3161(h)(8)(B)." *Id.* at 1461 (emphasis added).

The Speedy Trial Act thus requires that an "ends of justice" continuance be specifically limited in time and that there be findings supported by the record to justify each "ends of justice" continuance. Otherwise one early "ends of justice" continuance could exempt the entire case from the requirements of the Speedy Trial Act

altogether, and open the door for wholly unnecessary delays in contravention of the Act's purpose.

■ In this case, these requirements were not met. The court imposed no limit on the original "ends of justice" continuance, and the court made no findings to justify its August 28, 1987 order that set the trial date more than 70 days later. Apparently the district court regarded this order as an extension of its first "ends of justice" continuance, entered on July 14, 1986. However, such a characterization is impermissible under the Speedy Trial Act. Not only was the original continuance open-ended, but the Act requires *each* "ends of justice" continuance to be justified with reference to the facts as of the time the delay is ordered. *See id.*

When it denied the motion to dismiss, the district court also apparently believed that the counts in this case, when coupled with all the counts still to be tried against these and the other defendants named in the original indictment, created complexity which would have justified the granting of an ends of justice exclusion on August 28, 1987, the date of the last continuance. Had the district court entered an ends of justice exclusion at that time, we would have to decide whether and to what extent a court may consider proceedings in related cases to justify an ends of justice continuance. However, the district court gave no basis for the August 28 continuance at the time that it was granted. Therefore we have no way to determine whether the district court considered the factors relevant to a section 3161(h)(8)(A) continuance when it continued the trial on August 28, 1987. The record in this case shows that the district court at the time it granted that continuance was relying upon the earlier, open-ended ends of justice order based upon circumstances in existence in July of 1986. We have held that a court may not, "subsequent to the grant of a continuance, undertake for the first time to consider the factors and provide the findings required by section 3161(h)(8)(A)." *United States v. Frey,* 735 F.2d 350, 352 (9th Cir.1984). For this reason, the Act was violated.

We by no means suggest that the onus under the Speedy Trial Act falls on the district court's shoulders alone. "The monitoring of the limitations period is not the exclusive burden of the district judge. The government shares the responsibility for the speedy trial enforcement." *United States v. Perez–Reveles,* 715 F.2d 1348, 1353 (9th Cir.1983); *see Pollock,* 726 F.2d at 1462. Our reversal in this case does not necessarily mean that the indictment must be dismissed with prejudice, however. As the Fifth Circuit explained in *United States v. Peeples,* 811 F.2d 849 (5th Cir.1987): "Although dismissal is mandatory when the Act is violated, the district court has broad discretion whether to dismiss with or without prejudice." *Id.* at 850. As the statute provides:

In determining whether to dismiss the case with or without prejudice, the court shall consider, among others, each of the following factors: the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of this chapter and on the administration of justice.

18 U.S.C. § 3162(a)(2).

We therefore remand to allow the district court to determine in the first instance whether the charges should be dismissed with or without prejudice, pursuant to the factors specified in section 3162(a)(1). *See, e.g., Doran,* 882 F.2d at 1518; *Martin,* 742 F.2d at 514; *Frey,* 735 F.2d at 354; *Pollock,* 726 F.2d at 1463; *Perez–Reveles,* 715 F.2d at 1353; *United States v. Antonio,* 705 F.2d 1483, 1487 (9th Cir.1983); *United States v. Carrasquillo,* 667 F.2d 382, 390 (3d Cir.1981).

REVERSED and REMANDED.