5 F.3d 543
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Jose Daniel RAMOS, Defendant-Appellant.
 No. 92-50685.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 4, 1993.*
Decided Aug. 16, 1993.
 
 1
 Appeal from the United States District Court for the Central District of California; A. Wallace Tashima, District Judge, Presiding.
 
 
 2
 C.D.Cal.
 
 
 3
 AFFIRMED.
 
 
 4
 Before: NOONAN, FERNANDEZ and KLEINFELD, Circuit Judges
 
 
 5
 MEMORANDUM**
 
 
 6
 In this appeal from the sentence imposed upon his guilty plea to bank robbery, Jose Daniel Ramos claims that the district court erred in calculating his criminal history score and in declining to depart downward from the Guideline range. We affirm.
 
 
 7
 In computing a defendant's criminal history score, prior sentences imposed in unrelated cases are counted separately. U.S.S.G. Sec. 4A1.2(a)(2) (Nov. 1991). "Prior sentences are not considered related if they were for offenses that were separated by an intervening arrest (i.e., the defendant is arrested for the first offense prior to committing the second offense)." Id. Sec. 4A1.2, comment. (n. 3). Ramos's five juvenile sentences were for offenses that were separated by intervening arrests. Therefore, the sentences are unrelated and the district court properly counted them separately. Id.; see United States v. Bryant, 991 F.2d 171, 178 (5th Cir.1993).[1]
 
 
 8
 Ramos also contends that several circumstances warranted a downward departure from the Guideline range. The record indicates that the district court understood that it had authority to depart on the basis of the circumstances identified by Ramos, but exercised its discretion not to depart. We do "not have jurisdiction to review a district court's discretionary decision not to depart from the Sentencing Guidelines." United States v. Morales, 972 F.2d 1007, 1011 (9th Cir.1992), cert. denied, --- U.S. ----, 113 S.Ct. 1665, 123 L.Ed.2d 283 (1993).
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 In his reply brief Ramos also claims that the sentences for his earlier offenses are too old to be considered and that the shorter sentences should be deemed to have been served first. Those arguments were raised too late and are deemed waived. See Guam v. Tedtaotao, 896 F.2d 371, 373 n. 3 (9th Cir.1990)