21 F.3d 1117
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Dennis FRIDAY, Defendant-Appellant.
 Nos. 91-50200, 91-50210, 91-50457, 91-50201, 91-50215,
93-50042, 91-50202 and 91-50223.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 7, 1994.*
Decided March 21, 1994.
 
 Before: PREGERSON, O'SCANNLAIN and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Dennis Friday appeals his convictions for conspiracy, attempted bank fraud and money laundering in violation of 18 U.S.C. Secs. 371, 1344 and 1956(a)(1). We affirm.
 
 DISCUSSION
 
 3
 Friday did not challenge the superseding indictment before trial and so he waived any claim of defect. See Fed.R.Crim.P. 12(b)(2); United States v. Calabrese, 825 F.2d 1342, 1346-47 (9th Cir.1987). In any event, use of a superseding indictment is not illegal. See United States v. Buffington, 815 F.2d 1292, 1304 (9th Cir.1987). Moreover, the mere fact that the superseding indictment followed his not guilty plea does not suggest vindictive prosecution. See United States v. Gallegos-Curiel, 681 F.2d 1164, 1168-69 (9th Cir.1982). Friday's claim that the bank fraud statute is inapplicable because the overall chapter is captioned mail fraud is frivolous. Use of the mails is not an element of bank fraud. See 18 U.S.C. Sec. 1344; United States v. Cloud, 872 F.2d 846, 850 (9th Cir.), cert. denied, 493 U.S. 1002, 110 S.Ct. 561, 107 L.Ed.2d 556 (1989).
 
 
 4
 We have reviewed the trial record and are satisfied that the evidence was sufficient to find Friday guilty beyond a reasonable doubt. See Jackson v. Virginia, 443 U.S. 307, 318-19, 99 S.Ct. 2781, 2788-89, 61 L.Ed.2d 560 (1979). Any conflict in the evidence was for the jury to resolve and it was entitled to reject Friday's version of the facts. The jury's deadlock on counts 1 through 3 has no bearing on the sufficiency of the evidence for counts 4 through 7.
 
 
 5
 The district court clerk properly refused Friday's pro se papers which were tendered for filing when he was represented by counsel. C.D.Cal. Local R. 2.8.1, 3.1, 3.2. After defense counsel was relieved the district court ultimately ruled on the motions to disqualify and for bail which Friday alleges were mishandled by the clerk's office. Friday has not demonstrated that he was prejudiced by the actions of the clerk. The district court was warranted in ignoring Friday's pro se motion for grand jury transcripts at a time when Friday was represented. See Local R. 2.8.1. Transcripts had been supplied to counsel. This court has received the transcript of the trial as designated by Friday. Friday's claim that the court reporter had not prepared the transcript is now moot.
 
 
 6
 Friday's claim of outrageous government conduct by an FBI agent was not raised in the district court and there is nothing in the record to support it. Accordingly, the issue is not properly before us for review. See United States v. Greger, 716 F.2d 1275, 1277 (9th Cir.1983), cert. denied, 465 U.S. 1007, 104 S.Ct. 1002, 79 L.Ed.2d 234 (1984).
 
 
 7
 Judge Davies did not abuse his discretion in denying the motion to disqualify Judge Williams. See United States v. Hernandez-Escarsega, 886 F.2d 1560, 1581 (9th Cir.1989), cert. denied, 497 U.S. 1003, 110 S.Ct. 3237, 111 L.Ed.2d 748 (1990). Friday's claim that Judge Williams was found to be disqualified evinces his misunderstanding of the record.
 
 
 8
 The district court did not abuse its discretion by improperly pressuring the jury to return a verdict. Far from it; once the jury reached a verdict on counts 4 through 7 the district court released it and dismissed counts 1 through 3. See United States v. Cuozzo, 962 F.2d 945, 951 (9th Cir.), cert. denied, --- U.S. ----, 113 S.Ct. 475, 121 L.Ed.2d 381 (1992).
 
 
 9
 Friday has waived any claim that the sentence was improper because he has not specifically and distinctly pointed to any particular sentencing error. See International Union of Bricklayers & Allied Craftsman Local No. 20 v. Martin Jaska, Inc., 752 F.2d 1401, 1404 (9th Cir.1985); Cross v. Washington, 911 F.2d 341, 345 (9th Cir.1990), cert. denied, 499 U.S. 922, 111 S.Ct. 1313, 113 L.Ed.2d 247 (1991); Guam v. Tedtaotao, 896 F.2d 371, 373 n. 3 (9th Cir.1990). In any event, from our review there does not appear to be any error in the sentence.
 
 
 10
 Friday's claim of ineffective assistance of counsel depends on evidence outside the record and cannot be decided on direct appeal. See United States v. Daly, 974 F.2d 1215, 1218 (9th Cir.1992).
 
 
 11
 Any Fourth Amendment claim was waived by the failure to file a motion to suppress. Fed.R.Crim.P. 12(b)(3).
 
 
 12
 Friday's claim that he was unlawfully held in solitary confinement for 33 days in the Metropolitan Detention Center without a hearing or charges is raised for the first time on appeal. Thus, it is not properly before us. See Greger, 716 F.2d at 1277.
 
 
 13
 Finally, Friday continues to request bail although this court has specifically instructed him not to file further requests for bail. Especially in view of our affirmance of his conviction and sentence, we decline to consider his further requests.
 
 
 14
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3