29 F.3d 636
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Perry A. McCULLOUGH, Defendant-Appellant.
 Nos. 90-10577, 91-10581 and 92-10597.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted June 13, 1994.
Decided July 14, 1994.
 
 Before: HUG, SCHROEDER, and FERNANDEZ, Circuit Judges
 MEMORANDUM*
 Perry A. McCullough appeals his conviction of conspiracy, possession of cocaine with intent to distribute, use of a telephone to facilitate a drug offense, and operating a continuing criminal enterprise (CCE), in violation of 21 U.S.C. Secs. 846, 841(a)(1), 843(b) and 848. He additionally appeals the contemporaneous forfeiture of his property. We affirm his sentence and all counts of conviction, save for his conviction on the continuing criminal enterprise (CCE) count and the forfeiture judgment, which we reverse.[1]
 A. Double Jeopardy
 mcCullough argues that the district court's imposition of a stayed judgment and sentence on the conspiracy charge, in conjunction with the conviction and sentence on the CCE count, amounted to unconstitutional double punishment. Moreover, he contends that the district court's failure to, sua sponte, give a lesser included offense instruction on the conspiracy charge in relation to the CCE charge amounted to plain error because the jury was not prevented from convicting him of both offenses. That, he says, violated the Double Jeopardy Clause. U.S. Const. amend. V.
 The Supreme Court has determined that a defendant cannot be convicted of and sentenced for both a CCE charge under 21 U.S.C. Sec. 848 and a predicate conspiracy charge under 21 U.S.C. Sec. 841, because Congress did not intend cumulative punishment for the two offenses. Jeffers v. United States, 432 U.S. 137, 156-57, 97 S.Ct. 2207, 2219-20, 53 L.Ed.2d 168 (1977); see also, United States v. Burt, 765 F.2d 1364, 1368 (9th Cir.1985); United States v. Hernandez-Escarsega, 886 F.2d 1560, 1582 (9th Cir.1989), cert. denied, 497 U.S. 1003, 110 S.Ct. 3237, 111 L.Ed.2d 748 (1990). Here, he did not request a lesser included offense instruction, and the district court obviated any double jeopardy problem by indefinitely staying the conviction and sentence on the conspiracy count while entering judgment and imposing sentence on the CCE charge. We have previously recommended a similar procedure. See United States v. Medina, 940 F.2d 1247, 1253 (9th Cir.1991); United States v. Palafox, 764 F.2d 558, 564 (9th Cir.1985) (en banc). We see no reason to reject it now as violative of double jeopardy.
 Likewise, the district court's failure to, sua sponte, deliver a lesser included offense instruction to the jury did not amount to plain error. "In light of [McCullough's] failure to request such an instruction, the omission must be considered a matter of trial strategy and not error." United States v. Boone, 951 F.2d 1526, 1542 (9th Cir.1991) (internal quotation and citation omitted).
 B. The CCE Conviction
 The government concedes that under United States v. Delgado, 4 F.3d 780 (9th Cir.1993), there was insufficient evidence to support McCullough's conviction for operating a CCE in concert with five or more persons with respect to whom he occupied the position of organizer, supervisor or manager. The government also acknowledges that a specific unanimity instruction was required under United States v. Jerome, 942 F.2d 1328 (9th Cir.1991), in light of the prosecutor's argument that McCullough managed his customers. We therefore reverse McCullough's CCE conviction and vacate the stay on the conspiracy conviction and sentence. Remand for resentencing is unnecessary because under the Guidelines' "grouping" rules, the sentence imposed on both the conspiracy and CCE counts was determined by the offense within the group that carried the highest offense level; in this case, the conspiracy count or any substantive possession charge. See U.S.S.G. Sec. 3D1.3(b) (Nov. 1, 1988). The CCE count had no effect on the length of the sentence McCullough received for the previously stayed conspiracy conviction.
 C. Speedy Trial Issues
 McCullough asserts that the delay of his trial until July 16, 1990, a little more than a year after his indictment on June 23, 1989, violated his constitutional right to a speedy trial and his rights under the Speedy Trial Act. As to the purported violations of the Act, McCullough principally argues that the district court failed to make sufficiently specific findings as to excludable time.
 1. The Speedy Trial Act
 As a threshold matter, McCullough waived his right to assert Speedy Trial Act violations occurring after January 25, 1990, the date on which he filed his speedy trial motion. See 18 U.S.C. Sec. 3162(a)(2); United States v. Berberian, 851 F.2d 236, 239 (9th Cir.1988), cert. denied, 489 U.S. 1096, 109 S.Ct. 1567, 103 L.Ed.2d 934 (1989). The only delay that can be considered on appeal is that which "occurs prior to and including the date on which the motion is made"; the right "to challenge any subsequent delay is waived absent the bringing of a new motion to dismiss." United States v. Wirsing, 867 F.2d 1227, 1230 (9th Cir.1989).
 The period up to January 25, 1990 and, indeed, the period after that time, is covered, for the most part, by statutory exclusions from the running of the speedy trial clock. The part not covered does not add up to 70 days. See 18 U.S.C. Sec. 3161(c). Much of the time is excluded because of motions filed by McCullough or his codefendants. See 18 U.S.C. Sec. 3161(h)(1)(F). For example, the period between November 21, 1989 and December 18, 1989 is excludable because mcCullough and his codefendants' discovery motions were pending. The remaining time is excluded because of continuances that the district court gave to the defendants due to the complexity and volume of the evidence in the case and the defendants' need to properly prepare for the filing of substantive motions or for trial. See United States v. Lewis, 980 F.2d 555, 564 (9th Cir.1992). Those were granted to satisfy the ends of justice. See 18 U.S.C. Sec. 3161(h)(8)(A). The continuances were not open-ended, and did not run the risk of bypassing the purpose of the Speedy Trial Act. Cf. United States v. Jordan, 915 F.2d 563, 565 (9th Cir.1990). Moreover, they were granted in response to requests of the defendants and were based upon the court's acceptance of the defendants' representations regarding their preparation needs. See United States v. Hoslett, 998 F.2d 648, 657 (9th Cir.1993); see also, Jordan, 915 F.2d at 565. McCullough was not denied any of his statutory speedy trial rights. McCullough's assertion that the exclusion of time was invalid because the trial date was not first set and then continued is far too technical for even this hypertechnical area of the law and is otiose.
 2. The Sixth Amendment
 In examining McCullough's constitutional speedy trial claim, we consider: (1) whether the delay before trial was uncommonly long; (2) whether the government or the defendant was more to blame for the delay; (3) whether the defendant asserted his right to a speedy trial; and (4) whether the defendant suffered any prejudice. United States v. Aguirre, 994 F.2d 1454, 1455 n. 1 (9th Cir.), cert. denied, --- U.S. ----, 114 S.Ct. 645, 126 L.Ed.2d 603 (1993). Even assuming the delay to have been "uncommonly long," all of the delay in this case is attributable to the defense. The continuances were granted at the request of the defense, and properly so. Because the delay was attributable to the defense, McCullough must demonstrate how he was prejudiced by the delay. Aguirre, 994 F.2d at 1456. McCullough has not shown how he was prejudiced. His constitutional speedy trial claim therefore fails.
 D. Derivative Entrapment
 McCullough contends that the district court improperly refused to give an instruction on "derivative entrapment." "The entrapment defense is only available to defendants who were directly induced by government agents"; the " 'derivative entrapment' defense ... has been rejected in this circuit." United States v. Emmert, 829 F.2d 805, 808 (9th Cir.1987). We reject it again, as we must. Moreover, because McCullough's derivative entrapment theory was not a valid defense to the charges, the district court correctly excluded testimony offered to support it. Id. at 809.
 E. Admission of Drug Ledgers, Summary Charts, and Financial Statement
 McCullough contends that the district court improperly admitted (1) his datebooks from the years 1988 and 1989 that contained lists of his customers and the amount of cocaine he delivered to them ("drug ledgers"), (2) summaries of McCullough's financial transactions, prepared from McCullough's own records ("summary charts"), and (3) a financial statement prepared by McCullough himself which indicated his estimated net worth in late 1988. We disagree.
 The drug ledgers were relevant to establish McCullough's connection to the drug trafficking charges. See United States v. Robertson, 15 F.3d 862, 872 (9th Cir.1994). They belonged to him and the entries were in his handwriting. The drug ledger datebooks therefore also constituted admissions by the defendant and were not hearsay. Fed.R.Evid. 801(d)(2)(A). Because the drug ledgers did not constitute hearsay, they could be admitted to prove the truth of their contents without a limiting instruction.
 The summaries were also properly admitted. The documents on which a summary is based need not themselves be admitted into evidence in order for the summaries to be admissible; they need only be admissible. United States v. Meyers, 847 F.2d 1408, 1412 (9th Cir.1988). Records seized from a defendant's possession are admissible as adoptive admissions under Federal Rule of Evidence 801(d)(2)(B) so long as the evidence shows that the defendant acted upon them or otherwise manifested his adoption of them. United States v. Ospina, 739 F.2d 448, 451 (9th Cir.), cert. denied, 469 U.S. 887, 105 S.Ct. 262, 83 L.Ed.2d 198 (1984). The evidence supports the conclusion that the records seized from McCullough were held by him as tax records. It can be inferred that records held by a person for tax purposes were documents that he adopted as his own. Because the records on which the summaries were based were admissible as adoptive admissions, the district court did not err by admitting the summaries of them.
 On cross-examination, McCullough admitted that he had put together the financial statement and typed it. Because McCullough himself had admittedly prepared the statement, it was admissible pursuant to Federal Rule of Evidence 801(d)(2)(A). McCullough's admission further authenticated the document. Fed.R.Evid. 901(b)(1). Moreover, the financial statement was relevant to proving an element of the CCE charge: that he had acquired "substantial income or resources" from drug trafficking. 21 U.S.C. Sec. 848(c)(2)(B). The district court therefore did not err by admitting the financial statement.
 F. Enhancement of McCullough's Sentence
 McCullough contends that his sentence was improperly enhanced for use of a firearm because there was no evidence that the weapon was in his possession at the time he committed the crimes of which he was convicted. He also argues that his sentence should not have been enhanced for his role as a leader or organizer, because that role was already taken into account in the CCE conviction itself. Finally, he contends that the sentence enhancement for obstruction of justice failed to comply with United States v. Dunnigan, --- U.S. ----, 113 S.Ct. 1111, 122 L.Ed.2d 445 (1993).
 
 
 1
 The firearm enhancement was proper both on the conspiracy count and on the four counts of possessing cocaine with intent to distribute. The firearm enhancement specifically applies to conspiracies. U.S.S.G. Sec. 2D1.4, comment. (n. 3) (Oct. 1987); U.S.S.G. Sec. 2D1.1(b)(1), comment. (n. 3) (Oct. 1987). The loaded firearm was discovered under the front seat in McCullough's car when the car was seized in June 1989, and Cochrane testified that McCullough carried the same caliber gun with him in his briefcase when conducting drug deals. Based on this evidence, the district court did not clearly err in determining that McCullough possessed the firearm during and for purposes of the conspiracy, which extended from June 1988 to June 1989. See United States v. Willard, 919 F.2d 606, 610 (9th Cir.1990), cert. denied, --- U.S. ----, 112 S.Ct. 208, 116 L.Ed.2d 167 (1991). Moreover, possession of the firearm constituted relevant conduct under U.S.S.G. Sec. 1B1.3(a) and as such was properly included in the sentencing calculations for the possession counts as well. See Willard, 919 F.2d at 609-10.
 
 
 2
 The district court properly enhanced McCullough's sentence on the conspiracy and possession counts for his role as an organizer or leader; it did not, as McCullough contends, apply the enhancement to the CCE count. See U.S.S.G. Sec. 2D1.5, comment. (n. 1) (Oct. 1987) (adjustments for role in the offense do not apply to CCE convictions). Nonetheless, McCullough received a CCE sentence equal to that calculated with the enhancement on the conspiracy and possession counts, due to the "grouping" provisions of the Guidelines. See U.S.S.G. Secs. 3D1.2(d), 3D1.3(a), 5G1.2(b) (Oct. 1987).
 
 
 3
 In United States v. Dunnigan, --- U.S. at ----, 113 S.Ct. at 1116, the Supreme Court held that when a district court imposes an obstruction of justice enhancement because of the defendant's false testimony at trial, the court must make a finding that the defendant gave material false testimony with the willful intent to do so. A general finding that encompasses the necessary facts is sufficient. United States v. Arias-Villanueva, 998 F.2d 1491, 1512 (9th Cir.), cert. denied, --- U.S. ----, 114 S.Ct. 359, 126 L.Ed.2d 322 (1993). The district court found that McCullough "simply lied at trial with the intent to deceive the jury and the court"; in other words, it found that he willfully made false statements. Moreover, the court found McCullough's false statements to be material when it characterized them as "attempts to explain away incriminating evidence." See Arias-Villanueva, 998 F.2d at 1512-13. The district court was not required to specify the specific portions of McCullough's testimony it found to be false. Id. at 1512.
 
 
 4
 G. Simultaneous Jury Deliberation on the Substantive and Forfeiture Charges
 
 
 5
 McCullough argues that the district court impermissibly allowed the same jury to simultaneously deliberate the forfeiture count and the substantive counts, instead of bifurcating the forfeiture proceeding from the ascertainment of guilt on the substantive charges.[2] At the time of trial, McCullough not only failed to object to this procedure or the jury instructions setting it forth, but affirmatively acquiesced in the court's suggestion that the jury decide all charges in the indictment at the same time instead of separately deliberating the forfeiture count after the other criminal charges. Any error was invited and is therefore unreviewable. See United States v. Baldwin, 987 F.2d 1432, 1437 (9th Cir.), cert. denied, --- U.S. ----, 113 S.Ct. 2948, 124 L.Ed.2d 696 (1993); United States v. Reyes-Alvarado, 963 F.2d 1184, 1187 (9th Cir.), cert. denied, --- U.S. ----, 113 S.Ct. 258, 121 L.Ed.2d 189 (1992); United States v. Schaff, 948 F.2d 501, 506 (9th Cir.1991). At any rate, the forfeiture issue could not have prejudiced the substantive offense determination in this case, and the forfeiture itself must fall with the CCE charge.
 
 CONCLUSION
 
 6
 We affirm the district court's judgment in all respects, save for the CCE conviction and forfeiture judgment based on that conviction, which are reversed. The stay of the judgment and sentence on the conspiracy count are hereby vacated.
 
 
 7
 AFFIRMED in part; REVERSED in part; stay of judgment and sentence on conspiracy charge VACATED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We will not address arguments raised by McCullough in his supplemental pro se brief lodged with this court and we deny his motion for reconsideration of our order refusing to file that brief. We also decline to consider arguments raised for the first time in his reply brief. Guam v. Tedtaotao, 896 F.2d 371, 373 n. 3 (9th Cir.1990); see also, United States v. Ullah, 976 F.2d 509, 514 (9th Cir.1992). None of the exceptions to this rule apply here. See Ullah, 976 F.2d at 514; Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir.1991)
 
 
 [2]
 We reject a related point argued by McCullough: that the forfeiture provision in the grand jury indictment was either based on false evidence presented to the grand jury or insufficient evidence. It is well established that an indictment cannot be attacked on the ground that evidence presented to the grand jury was incompetent, inadequate or unreliable. United States v. Williams, --- U.S. ----, ----, 112 S.Ct. 1735, 1746, 118 L.Ed.2d 352 (1992); United States v. Samango, 607 F.2d 877, 880 n. 6 (9th Cir.1979). No exception applies here