34 F.3d 1074
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Henry GARCIA, Jr., Defendant-Appellant.
 No. 93-16076.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 23, 1994.*
Decided Aug. 26, 1994.
 
 Before: WALLACE, Chief Judge, HUG and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Henry Garcia, Jr., a federal prisoner, appeals the denial of his 28 U.S.C. Sec. 2255 motion challenging his conviction on speedy trial grounds. Pursuant to Anders v. California, 386 U.S. 738 (1967), Garcia's counsel has filed a brief stating that he finds no issues for review. Our independent review of the record pursuant to Penson v. Ohio, 488 U.S. 75 (1988), discloses no issues for review.
 
 
 3
 Garcia was convicted, following three trials, for thirteen counts of drug trafficking crimes. He filed a direct appeal, but did not raise any speedy trial issue. We affirmed his conviction. United States v. Garcia, 924 F.2d 925 (9th Cir.), cert. denied, 111 S.Ct. 2809 (1991). We also affirmed codefendant Wesley Walter's conviction on direct appeal, finding that the district court did not violate the Speedy Trial Act. United States v. Walter, No. 88-1262, unpublished memorandum disposition (9th Cir. Nov. 3, 1989). However, we reversed codefendants Leslie Jordan's, Ronald Croft's, and Richard Simpson's convictions, finding that the identical speedy trial claim raised by Walter had merit. United States v. Jordan, 915 F.2d 563 (9th Cir.1990); United States v. Simpson, Nos. 89-10520, 89-10575, unpublished memorandum disposition (9th Cir. Nov. 19, 1990). Walter then sought relief under 28 U.S.C. Sec. 2255, claiming manifest injustice in our different treatment of his identical appeal. We reversed the district court's denial of Walter's Sec. 2255 motion and remanded with instructions to vacate his conviction and dismiss the indictment against him. Walter v. United States, 969 F.2d 814 (9th Cir.1992).
 
 
 4
 On October 3, 1991, Garcia filed a pro se Sec. 2255 motion, raising a speedy trial claim and asserting that it was identical to Jordan's and Croft's. The district court denied the motion on April 7, 1992, finding Garcia's claim waived because he had not raised it on direct appeal. On February 19, 1993, Garcia, represented by counsel, filed another Sec. 2255 motion claiming violation of the Speedy Trial Act. He argued that as with Walter, manifest injustice required granting his motion. The district court denied Sec. 2255 relief on the basis that Garcia had neither timely moved to dismiss the indictment before his first trial nor raised any speedy trial issue on direct appeal.
 
 
 5
 Ordinarily, a defendant may not raise a claim for the first time in a Sec. 2255 motion. United States v. Frady, 456 U.S. 152, 167 (1982) (claim not raised on direct appeal is barred); United States v. Johnson, 988 F.2d 941, 945 (9th Cir.1993) ("If a criminal defendant could have raised a claim of error on direct appeal but nonetheless failed to do so, he must demonstrate both cause excusing his procedural default, and actual prejudice resulting from the claimed error."). However, a procedural default may be overcome by a showing of a fundamental miscarriage of justice. Coleman v. Thompson, 111 S.Ct. 2546, 2564 (1991) (procedural default by state prisoner).
 
 
 6
 Here, as the district court found, Garcia is not in the same predicament as was Walter; Garcia's conviction stands because he did not raise any speedy trial claim on direct appeal, not because this court erred in affirming the denial of a timely motion to dismiss the indictment on speedy trial grounds. Accordingly, the district court did not err by denying Garcia's Sec. 2255 motion. See id.; Johnson, 988 F.2d at 945.
 
 
 7
 We AFFIRM the district court's judgment and GRANT the motion of William H. Parish, Esq., to withdraw as counsel of record.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3