UNITED STATES of America,
Plaintiff—Appellee,

v.

Lawrence R. HAZLEWOOD,
Defendant—Appellant.

No. 00–50114.
D.C. No. CR–97–00017–GLT.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 7, 2002.

Decided March 9, 2002.

Before WARDLAW and W. FLETCHER, Circuit Judges, and WHYTE,\* District Judge.

### MEMORANDUM \*\*

Lawrence Hazlewood appeals his conviction and sentence following a jury trial for eight counts of mail fraud, 18 U.S.C. § 1341, and three counts of tax evasion, 26 U.S.C. § 7201. He challenges: (1) the sufficiency of the evidence supporting his convictions for mail fraud; (2) the validity of his waiver of counsel; (3) the admissibility of financial summaries that were introduced into evidence; (4) the denial of his motion to dismiss for outrageous governmental conduct; (5) the exclusion of pre-trial delay under the Speedy Trial Act; (6) the upward adjustments of his sentence; (7) the calculation of the amount of loss to the victims; and (8) the effectiveness of his counsel. We have jurisdiction under 28 U.S.C. § 1291, and affirm.

### I. Sufficiency of the Evidence

■ Hazlewood argues that insufficient evidence supported his convictions for mail fraud because no evidence showed that he used the United States mails. We review de novo the sufficiency of evidence supporting a conviction. *United States v. Valencia Amezcua,* 278 F.3d 901, 910 (9th Cir.2002). Sufficient evidence exists if, considering the evidence in the light most favorable to the government, any rational trier of fact could have found the defendant guilty beyond a reasonable doubt. *Id.* Here, a postmarked envelope and the testimony of witnesses were sufficient for a rational jury to find that Hazlewood used the mails to execute his fraudulent scheme. *See United States v. Green,* 745 F.2d 1205, 1208 (9th Cir.1984) (circumstantial evidence of mailing may constitute sufficient evidence).

### II. Waiver of Sixth Amendment Right to Counsel

■ Hazlewood contends that his decision to waive his Sixth Amendment right to counsel prior to trial was not intelligent, voluntary, or unequivocal because the court did not inform him whether seeking a continuance of trial to allow a new attorney time to prepare would compromise his Speedy Trial Act claim on appeal. We review de novo the validity of a defendant's waiver of his right to counsel. *United States v. Springer,* 51 F.3d 861, 864 (9th Cir.1995). The district court did not err in finding a valid waiver. Hazlewood

---

\* The Honorable Ronald M. Whyte, United States District Judge for the Northern District of California, sitting by designation.

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

persisted in his waiver despite being fully and adequately advised of the nature of the charges, the possible penalties, and the dangers of proceeding pro se. *See United States v. Farhad,* 190 F.3d 1097, 1099–1100 (9th Cir.1999) (discussing requirements for a valid waiver); *United States v. Hernandez,* 203 F.3d 614, 622 n. 11 (9th Cir.2000) (finding unequivocal waiver based on defendant's sincere and unambiguous request in the record).

Hazlewood's argument that his waiver was not fully informed because the district court did not repeat verbatim the model remarks delineated in *United States v. Hayes,* 231 F.3d 1132 (9th Cir.2000), fails. A court need not follow verbatim the model colloquy if it "set[s] forth, . . . in minimum fashion, some edification of the pitfalls of self-representation," which the court did here. *Id.* at 1138 (no "required formula" for waiver colloquys). It is also of no consequence that neither the judge nor the prosecutor advised Hazelwood as to the merits of a potential Speedy Trial Act motion because, in determining the validity of a waiver, "a trial judge must focus on the defendant's understanding of the importance of counsel, not the defendant's understanding of the substantive law or procedural details." *Id.*

### III. Admissibility of Financial Summaries

■ We reject Hazlewood's challenge to the district court's denial of his motion to suppress financial summaries based on information from illegally seized corporate records. Although the independent source doctrine is not applicable here, the district court did not clearly err in admitting the summaries because the underlying bank account records were admissible under the inevitable discovery doctrine. *United States v. Lang,* 149 F.3d 1044, 1047 (9th Cir.1998) (reviewing a finding of inevitable

discovery for clear error). The bank account records would have been a routine starting point in an investor fraud investigation, and could readily have been obtained via subpoenas on the banks.

■ Hazlewood also argues that the summaries were not properly authenticated and that he did not have the opportunity to inspect the underlying records. This argument fails because the court did not abuse its discretion in admitting the summaries under Fed.R.Evid. 1006. *See United States v. Meyers,* 847 F.2d 1408, 1411 (9th Cir.1988) (reviewing an evidentiary ruling under Rule 1006 for an abuse of discretion). The underlying records would have been admissible as business records under Rule 803(6); and, furthermore, one of Hazlewood's attorneys actually did examine the records, which the government made available to the defense. *Id.* at 1412 (summaries of voluminous writings are admissible under Rule 1006 where underlying records are admissible and made available for inspection).

### IV. Motion to Dismiss for Outrageous Government Conduct

■ Nor did the court err in denying Hazlewood's motion to dismiss the indictment for outrageous government conduct. We review a district court's refusal to dismiss an indictment based on a due process violation de novo, and its refusal to exercise its supervisory powers to dismiss for an abuse of discretion. *United States v. Garza–Juarez,* 992 F.2d 896, 904–05 (9th Cir.1993). Under either standard, the court did not err because, although the government acted wrongfully in its illegal search and seizure of the corporate records, its conduct did not shock the conscience to a level that would trigger the outrageous conduct defense. *See United States v. Montilla,* 870 F.2d 549, 552 (9th Cir.1989) (defense is limited to extreme

circumstances such as police coercion or fabrication of crime).

## V. Speedy Trial Act

■ Hazlewood asserts that his rights under the Speedy Trial Act, 18 U.S.C. § 3161, were violated by excessive, non-excludable pretrial delays. This argument lacks merit because his trial was delayed for only 50 non-excludable days out of a permissible 70–day maximum. *See* § 3161(c)(1). The first period in dispute, February 13, 1998 to February 17, 1998, falls within the district court's continuance of the trial from October 28, 1997 to February 17, 1998. Because the district court set forth sufficient facts in finding that the continuance would serve the "ends of justice," referencing the complexity of the case and new counsel's need for time to prepare, this period is excludable. *See United States v. Jordan,* 915 F.2d 563, 565 (9th Cir.1990) ("ends of justice" exclusion is proper if specifically limited in time and justified with reference to factors in § 3161(h)(8)(B)).

■ The second disputed period, February 17, 1998 to April 8, 1998, is excludable due to pending motions that were heard on May 19, 1998. Under § 3161(h)(1)(F), any delay that results from pending motions, from the time of filing to the conclusion of the hearing, is excludable, even if not reasonably necessary. *United States v. Henderson,* 746 F.2d 619, 622 (9th Cir. 1984). Because a court need not make any findings as to pretrial motion delays, that the district court made its finding on May 13, 1998, rather than contemporaneously, that the delay was a result of the defendant's pretrial motions is not error. *See United States v. Aviles–Alvarez,* 868 F.2d 1108, 1112 (9th Cir.1989) (district court need not make any findings as to pretrial motion delays because they are automatically excluded).

■ The third disputed period of delay, August 3, 1998 to August 11, 1998, is excludable because both parties stipulated that a continuance of trial to August 11 was necessary to permit Hazlewood's new attorney time to prepare. *See United States v. Palomba,* 31 F.3d 1456, 1462 (9th Cir.1994) (where defendant stipulates to need for trial preparation, he cannot argue that the continuances violate the Speedy Trial Act).

■ The district court properly excluded the last disputed period, August 11, 1998 to April 6, 1999, as serving the "ends of justice" by referencing the complex nature of the case, new defense counsel's statement that he was unsure how much preparation time he needed, and the government's interest in keeping the same prosecutor on the case. *See Jordan,* 915 F.2d at 565.

## VI. Upward Adjustments

■ Hazlewood challenges the district court's upward adjustments of his sentence for abusing a position of trust, defrauding vulnerable victims, and having a leadership role. The district court correctly found that Hazlewood occupied a position of trust because his position as president, chairman, and sole shareholder of LRH Industries and managing general partner of LRH Drilling Partners I ("DP I") gave him unfettered discretion and a lack of supervision that enabled him to perpetrate the fraud and conceal it from the investors. *See United States v. Hill,* 915 F.2d 502, 505 (9th Cir.1990) (whether a position constitutes one of trust is a question of law reviewed de novo); *id.* at 506 ("[T]he primary trait that distinguishes a person in a position of trust from one who is not is the extent to which the position provides the freedom to commit a difficult-to-detect wrong."); United States Sentencing Guide-

lines ("U.S.S.G.") § 3B1.3 commentary ¶ 1 (position of trust is characterized by "professional or managerial discretion" and less supervision than employees).

■ Nor did the district court clearly err in finding that some of Hazlewood's victims were vulnerable due to their advanced age. *See United States v. Scrivener*, 189 F.3d 944, 950 (9th Cir.1999) (reviewing for clear error a district court's finding that a defendant's victims were unusually vulnerable under U.S.S.G. § 3A1.1). Contrary to Hazlewood's argument, the fact that the investors were wealthy did not make them less vulnerable as elderly victims.

■ The district court also did not clearly err in finding that Hazlewood was the leader of an "extensive" criminal operation. *See United States v. Rose*, 20 F.3d 367, 374 (9th Cir.1994) (reviewing finding of extensive criminal activity for clear error). Hazlewood's scheme featured at least one knowing participant, various employees over the years, fifty-five DP I investor-victims, and $1.9 million in losses from DP I. *See id.* (whether a scheme is "otherwise extensive" under U.S.S.G. § 3B1.1(a) depends on the number of knowing participants and unwitting outsiders, the number of victims, and the amount of money fraudulently obtained).

### VII. Amount of Loss to Victims

■ Hazlewood argues that the calculated amount of loss to victims should not have included losses from his other oil and gas partnerships, which were not charged as being part of the DP I fraud. However, the court did not clearly err in using the total loss figure because all of the oil and gas partnerships were managed by Hazlewood's two companies, and many of the partnerships had overlapping investors, demonstrating that the partnerships were part of a common scheme. *See United*

*States v. Lawrence*, 189 F.3d 838, 846 (9th Cir.1999) (reviewing district court's loss valuation under U.S.S.G. § 2F1.1 (deleted 2001) for clear error); *id.* at 844 (a court should consider "'[t]he cumulative loss produced by a common scheme or course of conduct'").

### VIII. Ineffective Assistance of Counsel

■ Finally, Hazlewood contends that he received ineffective assistance of counsel because his attorney: (1) failed to pursue or advise him on plea negotiations; (2) mistakenly believed that the right to appeal the denial of his pretrial motions would be automatically preserved if Hazlewood pled guilty; and (3) did not prepare for trial. Because the record is insufficient for us to determine this issue on direct appeal, it is more appropriately raised in a collateral proceeding. *See United States v. Birges*, 723 F.2d 666, 670 (9th Cir.1984) (ineffective assistance of counsel claims usually cannot be advanced without the development of facts outside the original record). We cannot determine on the record before us, for example, the nature of the communications between Hazlewood and his counsel, including the scope of counsel's engagement and the instructions he was given, the nature of the plea negotiations, the extent of the deficient preparation and the ensuing prejudice, if any.

Hazlewood's convictions and sentence are therefore

AFFIRMED.