**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-50606 |
| Plaintiff - Appellee, | D.C. No. 3:12-cr-00654-JLS-1 |
| v. | |
| ELADIO CRUZ, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Janis L. Sammartino, District Judge, Presiding

Argued and Submitted October 19, 2015
Pasadena, California

Before: KLEINFELD, RAWLINSON, and NGUYEN, Circuit Judges.

Eladio Cruz appeals his conviction for attempted entry after deportation

without consent, in violation of 8 U.S.C. § 1326(a)-(b). We have jurisdiction

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

pursuant to 28 U.S.C. § 1291.  Because we conclude that the Speedy Trial Act was violated, we reverse and remand.[1]

1.   Contrary to the government's contention, Cruz's February 24, 2012 *pro forma* discovery motion was not continued until June 22, 2012.  At most, the discovery motion was continued to May 25, 2012, pursuant to either the defense's request or the parties' joint stipulation.  The continuances thereafter – so far as the record shows – had nothing to do with Cruz's discovery motion; rather, they related to Cruz's motion to dismiss the indictment for invalid deportation.  *See United States v. Sutter*, 340 F.3d 1022, 1032 (9th Cir. 2003) ("[U]nless consideration of the motion is continued until a date certain or the happening of an event certain, the motion is deemed under advisement.").  There is no indication in the record of any ongoing, live discovery disputes that the court needed to resolve, nor any indication that the continuances on or after May 25 were related to discovery issues raised in Cruz's motion.  *See id.* at 1028 (noting that, in the absence of a pending discovery dispute on which the court needs to rule, official

---

[1]We do not address Cruz's other challenges to his conviction.  *See United States v. Lewis*, 349 F.3d 1116, 1117 (9th Cir. 2003) (per curiam).

docket continuances and ongoing discovery alone are insufficient to toll the

Speedy Trial Act clock).[2]

   2.  We also reject the government's argument that the discovery motion was

pending for about 17 months and finally taken "under advisement" by the court on

either July 28, 2013 (when the government finally responded to the motion), or on

August 2, 2013 (when the district court addressed the motion).  "[I]t is

disingenuous for the government to assert that this particular 'live [discovery]

issue' traces back to the [earlier] hearing" because the record is devoid of anything

evidencing further discovery disputes at "the close of" the 2012 hearing.  *See*

*Sutter*, 340 F.3d at 1028-29, 32 (alterations supplied).  After May 25, 2012, the

district court did not schedule any future hearings, request any additional filings, or

indicate an "event certain" that would have disposed of the discovery motion.  *See*

*Henderson v. United States*, 476 U.S. 321, 329 (1986) ("Without the promptness

requirement in [18 U.S.C. § 3161(h)(1)(F)], a court could exclude time beyond [18

---

[2]The government argued for the first time on appeal that the discovery motion had been continued to June 22, 2012 (i.e. that only 65 days had elapsed under the Speedy Trial Act) and that Cruz had waived any challenge to the 10 non-excludable days that elapsed after the court denied his Speedy Trial Act motion but before his trial date.  We need not reach the issue of waiver, but note that because the government failed to raise this argument below, Cruz had no reason to challenge this period of delay.  *See Portman v. County of Santa Clara*, 995 F.2d 898, 910 (9th Cir. 1993) (appellate court is not obligated to affirm on alternative ground).

U.S.C. § 3161(h)(1)(J)]'s 30-day 'under advisement' provision simply by designating the additional period as time 'from the filing of the motion' through its 'disposition' under subsection (F)."); *Sutter*, 340 F.3d at 1032 ("[A] *pro forma* discovery motion 'continued' merely 'in case' future discovery disputes arise is under advisement, because the motion is not set for a hearing nor is the court awaiting any ascertainable materials.").

3.   Accounting for the other undisputed, non-excludable periods of delay, more than 70 days elapsed between Cruz's arraignment and trial.  Accordingly, the pretrial delay in this case violated the Speedy Trial Act, and the indictment must be dismissed.  *See* 18 U.S.C. § 3162(a)(2).

We reverse and remand to allow the district court to determine in the first instance whether the indictment should be dismissed with or without prejudice, pursuant to the factors specified in 18 U.S.C. § 3162(a)(2).  *See United States v. Jordan*, 915 F.2d 563, 566 (9th Cir. 1990).

**REVERSED AND REMANDED.**

4