**Wesley William WALTER,
Petitioner–Appellant,**

**v.**

**UNITED STATES of America,
Respondent–Appellee.**

**No. 91–15463.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 11, 1992.

Decided July 13, 1992.

---

Glenn Kottcamp, Nevada City, Cal., for petitioner-appellant.

Jon Conklin, Asst. U.S. Atty., Fresno, Cal., for respondent-appellee.

Before: REINHARDT, NOONAN, and THOMPSON, Circuit Judges.

REINHARDT, Circuit Judge:

Although the petitioner, Wesley William Walter, and his co-defendants raised the identical speedy trial act claim on their separate appeals from their criminal convictions on narcotics offenses, we held that Walter's claim lacked merit but reached the opposite conclusion in his codefendants' case. As a result, we affirmed Walter's conviction and reversed his codefendants'. The instant appeal raises the question of whether a federal prisoner may remedy such disparate treatment by means of collateral attack. We conclude he may.

I

Walter was charged with the offenses relevant to the instant appeal on June 12, 1986. The indictment was voluminous; it included 56 counts and named 33 defendants, including Walter, Leslie Roy Jordan, and Ronald Bernard Croft. The Speedy Trial Act, 18 U.S.C. § 3161 et seq., ordinarily requires that a defendant be tried within 70 days of a filing of an indictment or information, or the first appearance before a judge or a magistrate. 18 U.S.C. § 3161(c)(1). In exceptional cases, however, the act allows delay in excess of 70 days. Specifically, it contains certain exclusions that toll the running of the 70 day period. Relevant to this case is the exclusion for delay incurred to serve "the ends of justice." 18 U.S.C. § 3161(h)(8)(A).

On July 14, the district court entered a "general order" that tolled the 70 day period under the "ends of justice" exclusion on the basis of "the complexity" of the indictment. The court offered no further explanation. As the court never stated when the period of exclusion would end, its order amounted to an indefinite continuance of the defendants' trial date.

On November 12, 1986, the district court severed some counts and some defendants for trial. In February of the following year, it set a trial date for Walter and a separate one for Jordan and Croft. Walter filed a motion to dismiss for violation of the Speedy Trial Act. Jordan and Croft filed similar motions. They were all denied by the district court.

Jordan and Croft were tried in a jury trial that began in November of 1987. Walter's jury trial did not commence until March 1, 1988. All three were convicted

and appealed their convictions to this court. All three raised the same Speedy Trial Act issue on appeal, namely, that the district court failed to set a specific time limit for the delay permitted under the "ends of justice" exception and failed to give specific reasons for invoking that exception. On appeal, Walter's conviction was affirmed. In an unpublished memorandum decision, we found no violation of the Speedy Trial Act. After we decided Walter's appeal, Croft's and Jordan's appeals were heard and decided together. In a published opinion, we found that the Speedy Trial Act had been violated on the very grounds we rejected in Walter's appeal. We held that the indictment must be dismissed because the district court had not limited its continuance to a specific period of time and had not made specific findings to support the "ends of justice" exception. *United States v. Jordan,* 915 F.2d 563, 565–66 (9th Cir. 1990).

After the *Jordan* decision, Walter filed a § 2255 motion, arguing that his conviction should be reversed due to the inconsistent decisions of this court on the Speedy Trial Act issue. The district court denied Walter's motion. The reasons the district court gave for its ruling were that Walter had not raised the issue prior to trial and that he had failed to appeal his conviction. Walter now appeals the denial of his § 2255 motion.

## II

### A

■ It is clear from the record that the district court was mistaken in its belief that Walter failed to raise the Speedy Trial Act issue prior to trial and that he did not appeal his conviction. The government concedes that the district court erred in both these findings, but it urges us to consider Walter's petition on the merits rather than remanding for reconsideration. We have the power to do so, *see Jaffke v. Dunham,* 352 U.S. 280, 281, 77 S.Ct. 307, 308, 1 L.Ed.2d 314 (1958), and conclude that we should exercise that power here. Because the merits of Walter's petition do not depend upon disputed factual issues that

would require resolution through an evidentiary hearing, we are in as good a position as the district court to determine whether Walter is entitled to relief. Any finding made by the district court in such a circumstance would be reviewed by us de novo. *See Weygandt v. Ducharme,* 774 F.2d 1491, 1492 (9th Cir.1985); *compare Carter v. McCarthy,* 806 F.2d 1373, 1375 (9th Cir.1986), *cert. denied,* 484 U.S. 870, 108 S.Ct. 198, 98 L.Ed.2d 149 (1987) (holding that factual findings made in the course of an evidentiary hearing are reviewed for clear error). We may review the merits of Walter's petition now or remand and delay doing so until after another appeal is taken. In light of the delay that has already occurred with respect to this Speedy Trial Act case, we elect the former course. *Cf. Continental Cas. Co. v. Robsac Industrs.,* 947 F.2d 1367, 1370 (9th Cir.1991).

### B

■ We first consider the effect of our rejection of Walter's speedy trial claim on direct appeal on his petition for postconviction relief. It is clear that neither issue nor claim preclusion is applicable to Walter's petition; like habeas corpus and coram nobis, § 2255 is a well-established exception to the principles of res judicata. *See United States v. Donn,* 661 F.2d 820, 823 (9th Cir.1981); *Polizzi v. United States,* 550 F.2d 1133, 1135 (9th Cir.1976); *see also Sanders v. United States,* 373 U.S. 1, 8, 83 S.Ct. 1068, 1073, 10 L.Ed.2d 148 (1963) ("Conventional notions of finality of litigation have no place where life or liberty is at stake and infringement of constitutional rights is alleged.... The inapplicability of *res judicata* to habeas, then, is inherent in the very role and function of the writ."). Nevertheless, when a federal prisoner presents a claim in a § 2255 petition that he has presented previously, the federal court retains the discretion to refuse to consider the claim on the basis that the prisoner is abusing the writ. *See Polizzi,* 550 F.2d at 1135. The court must entertain the claim, however, if there is *inter alia* "manifest injustice." *Id.*

We need not rest our decision on an exercise of discretion. A ground for the mandatory exercise of our § 2255 authority, manifest injustice, is present in Walter's case. Fundamental fairness requires that like cases be treated alike. *See, e.g., Griffith v. Kentucky*, 479 U.S. 314, 322–24, 107 S.Ct. 708, 713, 93 L.Ed.2d 649 (1987). It is a principle requiring particularly strong adherence when the two cases are not merely factually alike or even factually identical, but arise from *the same facts*. When the federal courts have treated differently two identically-situated co-defendants, the way must be open to the federal courts to correct their error. *See Davis v. United States*, 417 U.S. 333, 346–47, 94 S.Ct. 2298, 2305, 41 L.Ed.2d 109 (1974).

The necessity of treating identically-situated co-defendants identically is embodied in our decision in *United States v. Olano*, 934 F.2d 1425 (9th Cir.1991), *cert. granted on other grounds*, — U.S. ——, 112 S.Ct. 1935, 118 L.Ed.2d 542 (1992). In *Olano*, the district court had violated Fed. R.Crim.P. 24(c) by permitting alternate jurors to be present during the jury's deliberations. We held that this error required Olano's convictions to be reversed. *See* 934 F.2d at 1438. Olano's co-defendant, Gray, had failed to raise a Rule 24(c) issue in his briefs. Ordinarily, an appellant is held to have defaulted any claims of error not raised on appeal. *See Martinez v. Ylst*, 951 F.2d 1153, 1156–57 (9th Cir.1991); *United States v. Loya*, 807 F.2d 1483, 1486–87 (9th Cir.1987). However, in *Olano*, we held that Gray's default was not adequate to warrant the denial of federal relief because "it would be manifestly unjust to reverse Olano's conviction and not Gray's when both suffered the same prejudice from the same fundamental error in the same trial." *Olano*, 934 F.2d at 1439.[1] Other circuits agree that the federal interest in compliance with appellate procedures is not adequate to warrant treating co-defendants differently on appeal. *See, e.g. United States v. Rivera Pedin*, 861 F.2d 1522, 1526 n. 9 (11th Cir.1988); *United*

*States v. Gray*, 626 F.2d 494, 497 (5th Cir.), *cert. denied sub nom. Fennell v. United States*, 449 U.S. 1038, 101 S.Ct. 616, 66 L.Ed.2d 500 (1980), *cert. denied*, 449 U.S. 1091, 101 S.Ct. 887, 66 L.Ed.2d 820 (1981); *cert. denied sub nom. Barker v. United States*, 450 U.S. 919, 101 S.Ct. 1367, 67 L.Ed.2d 346 (1981); *United States v. Anderson*, 584 F.2d 849, 853 (6th Cir.1978). We see no reason why the disparate treatment of identically-situated co-defendants would constitute "manifest injustice" for purposes of excusing non-compliance with appellate procedures but not for purposes of permitting consideration of a § 2255 petition. *Cf. Davis*, 417 U.S. at 346–47, 94 S.Ct. at 2305. Accordingly, a federal court may not refuse to entertain Walter's petition.

### C

Having determined that Walter may assert his speedy trial claim in a § 2255 petition, we next turn to the merits of Walter's claim. It is, of course, clear that Walter's right to a speedy trial was violated; we determined as much in *Jordan*. Were we considering Walter's claim on direct appeal, we would be obligated to vacate his conviction and order the charges dismissed. *See Griffith*, 479 U.S. at 328, 107 S.Ct. at 716.

The government contends that Walter is nevertheless barred from obtaining relief on a § 2255 post-conviction petition by the Supreme Court's decision in *Teague v. Lane*, 489 U.S. 288, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989) (plurality). In particular, the government argues that our decision in *Jordan* constitutes the creation of a new rule that should not be applied retroactively on a collateral writ to vacate a conviction that became final prior to our decision—namely, Walter's.

We need not determine whether *Teague* is applicable to § 2255 cases, because contrary to the government's contention, our decision does not constitute new law, nor

---

1. For this reason, at oral argument we permitted Gray to join in Olano's claim of Rule 24(c) error.

would granting the relief sought here "create a new rule because the prior decision is applied in a novel setting." *See Stringer v. Black*, — U.S. —, 112 S.Ct. 1130, 1135, 117 L.Ed.2d 367 (1992).

The rules Walter seeks to have applied to his case were clearly established before *Jordan* in *United States v. Pollock*, 726 F.2d 1456 (9th Cir.1984). *Pollock* made clear the requirements governing "ends of justice" extensions under the Speedy Trial Act. *See Jordan*, 915 F.2d at 565. *Pollock* explicitly states that "an 'ends of justice' extension under section 3161(b) is proper only if ordered for a specific period of time and justified on the record with reference to the factors enumerated in section 3161(h)(8)(B)." *Pollock*, 726 F.2d at 1461. In *Jordan* we did not extend *Pollock* to a novel situation, but rather applied the rule declared in *Pollock* in the particular circumstances of the case before us. *Compare Pollock*, 726 F.2d at 1458–59, *with Jordan*, 915 F.2d at 564–65.

*Pollock* created a simple rule for application to a wide spectrum of "ends of justice" exclusion cases; to be valid the exclusion must be for a specific period of time and be accompanied by a valid set of reasons based on the statutory factors. Our analysis in *Jordan* required no more than a simple examination of the record to determine that the exception in that case was not limited to a specific time period and was not justified by a reference to the pertinent statutory factors. *See Jordan*, 915 F.2d at 566. Our analysis here is necessarily identical; it is anything but "novel."

The error in Walter's appeal was not that we declared the wrong rule; rather we merely misapplied the correct rule. The correct application of *Pollock* was made in *Jordan*. However understandable the error we made in Walter's appeal was, it is the *Jordan* application that controls and that requires reversal here.

* The panel unanimously found this case suitable for decision without oral argument. Fed.

### Conclusion

As has been noted above, *Jordan* is indistinguishable from the instant case; indeed, it is literally the same case. Its application of *Pollock* constitutes the law of this circuit. We therefore find a violation of the speedy trial act—Walter's conviction must be vacated and the indictment against him dismissed. *See Jordan*, 915 F.2d at 566. We leave it to the district court to make an initial determination whether, under 18 U.S.C. § 3162(a), the indictment should be dismissed with or without prejudice. *See id.* Accordingly, we reverse the district court's dismissal of Walter's § 2255 petition, and remand with instructions to vacate Walter's conviction and to dismiss the indictment. Any further proceedings shall be conducted in conformity with this opinion.

REVERSED AND REMANDED WITH INSTRUCTIONS.