995 F.2d 1066
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
David A. BUNKER, Petitioner-Appellant,
v.
John JABE, Warden; and Frank J. Kelley, Attorney General,
Respondents-Appellees.
 No. 92-1406.
 United States Court of Appeals, Sixth Circuit.
 June 10, 1993.
 
 Before: MARTIN and NORRIS, Circuit Judges; COFFIN, Senior Circuit Judge.*
 PER CURIAM.
 
 
 1
 Petitioner, David A. Bunker, in this action seeking a writ of habeas corpus, challenges the constitutionality of his 1967 state conviction for murder. In examining the conviction of petitioner's codefendant, Robert E. Casper, upon his petition for a writ of habeas corpus, this court in 1987 held that instructions given to the jury in the joint trial of petitioner and Casper unconstitutionally shifted the burden of proof regarding intent to commit murder, in violation of Sandstrom v. Montana, 442 U.S. 510 (1979). Casper v. Grant, No. 86-1639, 817 F.2d 756 (6th Cir. May 7, 1987) (text in Westlaw), cert. denied, 485 U.S. 940 (1988). The court granted the writ. Id. In 1989, a plurality of the members of the United States Supreme Court in Teague v. Lane, 489 U.S. 288 (1989), dramatically revised the manner in which courts are to determine whether a new rule of constitutional law should be applied retroactively to convictions that became final prior to the articulation of the new rule.[1] According to Teague, habeas corpus petitioners no longer may claim the benefit of rules announced after their direct appeals are exhausted, unless retroactive application is warranted under narrow exceptions set out in the opinion. Although this court had consistently applied the rule of Sandstrom retroactively to habeas petitioners prior to the decision in Teague, this court in 1991 relied upon the Teague analysis to conclude that Sandstrom no longer would enjoy retroactive application. Cain v. Redman, 947 F.2d 817 (6th Cir.1991), cert. denied, 112 S.Ct. 1299 (1992).
 
 
 2
 Reviewing this case law, the district court expressed dismay at the prospect of treating Casper and Bunker differently, but concluded that it was required to do so by our opinion in Cain. We have before us the district court's order denying Bunker's petition.
 
 
 3
 Notwithstanding the general applicability of our ruling in Cain, this appeal presents us with the idiosyncratic situation in which the timing of a case announcing a new rule of retroactivity threatens to subject two codefendants in a case arising from the same facts to different legal standards.
 
 
 4
 Bunker and his codefendant, Casper, were convicted at the conclusion of the same trial, by the same jury. In Casper, we held that the jury instruction given in the joint trial was constitutionally infirm and that Casper was therefore entitled to a writ of habeas corpus. Now, under Teague and Cain, we are being asked to declare that the same instruction is no longer infirm as to petitioner.
 
 
 5
 As the Ninth Circuit said in a case where a codefendant had been subjected to an erroneous speedy trial ruling while his codefendants had received a favorable ruling on the same point, the principle that like cases be treated alike is "particularly strong ... when the two cases are not merely factually alike or even factually identical, but arise from the same facts." Walter v. United States, 969 F.2d 814, 817 (9th Cir.1992). See also United States v. Anderson, 584 F.2d 849, 853 (6th Cir.1978) ("manifest injustice" to allow conviction of one codefendant to stand while ordering new trial for other codefendant based upon error in admitting evidence).
 
 
 6
 This principle, that like cases be treated alike, seems to us to fall within the spirit, if not the letter, of the law of the case doctrine, one example of which is the influence of a prior ruling "of the same court ... acting within the framework of a single case or closely related cases." 18 Charles A. Wright et al., Federal Practice and Procedure § 4478 (1981).
 
 
 7
 We therefore feel constrained on this record to hold that the jury instruction in petitioner's case be viewed as it was in codefendant Casper's case.
 
 
 8
 Accordingly, because we conclude that the error committed by the trial court was not harmless, we reverse the judgment of the district court, and remand this cause to that court with instructions to issue a writ of habeas corpus directing the state of Michigan to discharge petitioner from custody unless it elects to afford him a new trial within ninety days of the issuance of the writ.