5 F.3d 542
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Jimmy Neil KINSLOW, Defendant-Appellant.
 No. 92-56203.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 1, 1993.*
Decided Sept. 10, 1993.
 
 Appeal from the United States District Court, for the Central District of California, D.C. Nos. CV-92-4810-R, CR-87-0639-R; Manuel L. Real, Chief Judge, Presiding.
 C.D.Cal.
 AFFIRMED.
 Before: FLETCHER, POOLE, and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Jimmy Neil Kinslow appeals pro se the denial of his fourth 28 U.S.C. Sec. 2255 motion. Kinslow was convicted of kidnapping and other crimes and sentenced to two consecutive terms of life imprisonment. He contends that he was improperly impeached at trial with a prior armed robbery conviction. We have jurisdiction under 28 U.S.C. Sec. 2255. We review de novo, United States v. Angelone, 894 F.2d 1129, 1130 (9th Cir.1990), and affirm.
 
 
 3
 Kinslow was convicted on November 23, 1987. On direct appeal, we affirmed the conviction, finding that the district court did not err by admitting evidence of the prior armed robbery pursuant to Fed.R.Evid. 609(a)(2). United States v. Kinslow, 860 F.2d 963, 968 (9th Cir.1988), cert. denied, 493 U.S. 829 (1989).
 
 
 4
 Rule 609(a)(2) provides as follows: "For the purpose of attacking the credibility of a witness, ... evidence that any witness has been convicted of a crime shall be admitted if it involved dishonesty or false statement, regardless of the punishment." Fed.R.Evid. 609(a)(2). We recently resolved an intra-circuit conflict and held that robbery is not per se a crime of dishonesty under Rule 609(a)(2). United States v. Brackeen, 969 F.2d 827, 829 (9th Cir.1992) (en banc) (per curiam) (disapproving Kinslow, 860 F.2d at 968, and adopting holding in United States v. Glenn, 667 F.2d 1269, 1272-73 (9th Cir.1982)).
 
 
 5
 In Kinslow's fourth Sec. 2255 motion, he claimed that the change in the law announced in Brackeen required the reversal of his conviction. He contends that the district court erred by holding that Brackeen did not apply retroactively to him. This contention lacks merit.
 
 
 6
 We have not yet determined whether the holding in Teague v. Lane, 489 U.S. 288 (1989), applies in Sec. 2255 cases. See Walter v. United States, 969 F.2d 814, 817 (9th Cir.1992); United States v. Judge, 944 F.2d 523, 525 (9th Cir.1991) (applying Teague ), cert. denied, 112 S.Ct. 1988 (1992). We need not make this determination here.
 
 
 7
 "[W]hen a federal prisoner presents a claim in a Sec. 2255 petition that he has presented previously, the federal court retains the discretion to refuse to consider the claim on the basis that the prisoner is abusing the writ. The court must entertain the claim, however, if there is inter alia, 'manifest injustice.' " Walter, 969 F.2d at 816 (citation omitted). Manifest injustice exists if, for example, a defendant can show, through an intervening change in the law, that his conduct was not a violation of the law under which he was convicted. United States v. Sood, 969 F.2d 774, 775-76 (9th Cir.1992); see also Walter, 969 F.2d at 817 (manifest injustice existed where identically-situated codefendants were treated differently regarding speedy trial claim). An evidentiary error is not grounds for Sec. 2255 relief unless the error is so prejudicial that it denies the defendant a fair trial. United States v. Wilcox, 640 F.2d 970, 972-73 (9th Cir.1981).
 
 
 8
 If a prior conviction does not meet the requirements of Rule 609(a)(2), it still may be admitted as impeachment evidence if "the probative value of admitting this evidence outweighs its prejudicial effect to the accused." Fed.R.Evid. 609(a)(1). In determining whether the probative value outweighs the prejudicial effect, the district court should consider the following five factors: "(1) the impeachment value of the prior crime; (2) the point in time of the conviction and the witness' subsequent history; (3) the similarity between the past crime and the charged crime; (4) the importance of the defendant's testimony; and, (5) the centrality of the defendant's credibility." United States v. Browne, 829 F.2d 760, 762-63 (9th Cir.1987), cert. denied, 485 U.S. 991 (1988). Kinslow argues that his prior armed robbery conviction was similar to the charged crimes, which included transportation of stolen firearms and a stolen motor vehicle, and therefore unfairly prejudicial. These crimes are not particularly similar. Moreover, evidence of several other prior convictions, including a triple murder, was admitted, and the district court gave a limiting instruction.
 
 
 9
 Accordingly, Kinslow has not shown that the admission of the prior armed robbery conviction was a manifest injustice or rendered his trial fundamentally unfair. See Walter, 969 F.2d at 816; Wilcox, 640 F.2d at 972-73. The district court did not err by denying the Sec. 2255 motion.
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3