34 F.3d 1073
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Marlondo Ansara TONEY, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 93-35915.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 3, 1994.*
Decided Aug. 11, 1994.
 
 Before: WALLACE, Chief Judge, HUG and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Marlondo Ansara Toney, a federal prisoner, appeals pro se the denial of his second 28 U.S.C. Sec. 2255 motion. He contends that the district court erred by finding his motion procedurally barred. We have jurisdiction under 28 U.S.C. Sec. 2255, and we affirm.
 
 
 3
 "[W]hen a federal prisoner presents a claim in a Sec. 2255 motion that he has presented previously, the federal court retains the discretion to refuse to consider the claim...." Walter v. United States, 969 F.2d 814, 816 (9th Cir.1992); see also 28 U.S.C. Sec. 2255 ("The sentencing court shall not be required to entertain a second or successive motion for similar relief on behalf of the same prisoner."). "A second or successive motion [also] may be dismissed ... if new and different grounds are alleged, [and] the judge finds that the failure to assert those grounds in a prior motion constituted an abuse of ... procedure...." Rule 9(b), Rules Governing Section 2255 Proceedings, 28 U.S.C. foll. Sec. 2255. If a prisoner cannot show cause for his failure to raise a claim in a prior Sec. 2255 motion and actual prejudice, his second Sec. 2255 motion is properly dismissed as abusive. McCleskey v. Zant, 499 U.S. 467, 493 (1991).
 
 
 4
 Toney pleaded guilty to distribution of cocaine base and use of a firearm to facilitate a drug trafficking crime. The next day, the Supreme Court upheld the constitutionality of the United States Sentencing Guidelines. Accordingly, the district court permitted Toney to withdraw his plea. He later again pleaded guilty to the same charges and was sentenced to consecutive terms of 262 months imprisonment on the cocaine distribution count, 5 years imprisonment on the firearm count, and concurrent terms of supervised release. Toney did not file a direct appeal.
 
 
 5
 The district court denied Toney's first Sec. 2255 motion on the merits, and we affirmed. United States v. Toney, No. 91-35492, unpublished memorandum disposition (9th Cir. Mar. 30, 1992). In his second Sec. 2255 motion, Toney claimed that (1) his sentence enhancement was based on an invalid prior Oregon state conviction, (2) the indictment improperly failed to allege the scienter element of the firearm count, and (3) he therefore received ineffective assistance of counsel when he pleaded guilty to the firearm count.
 
 
 6
 Toney previously had raised the first claim in his first Sec. 2255 motion. Thus, the district court did not err by dismissing it as successive. See 28 U.S.C. Sec. 2255; Walter, 969 F.2d at 816.
 
 
 7
 Toney's second and third claims were new and therefore abusive. See Rule 9(b), Rules Governing Section 2255 Proceedings, 28 U.S.C. foll. Sec. 2255. He contends that he has shown cause and prejudice for his failure previously to raise these claims. In district court, Toney argued that his pro se status was cause for his failure to raise his second and third claims in his first Sec. 2255 motion. This argument lacks merit. See Hughes v. Idaho State Bd. of Corrections, 800 F.2d 905, 909 (9th Cir.1986) (pro se prisoner's illiteracy insufficient to establish cause). Accordingly, the district court did not err by dismissing Toney's second and third claims.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3