33 F.3d 59
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Jose Luis REDONDO-LEMUS, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 94-15261.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 23, 1994.*
Decided Aug. 25, 1994.
 
 Before: WALLACE, Chief Judge, HUG and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Jose Luis Redondo-Lemus, a federal prisoner, appeals pro se the district court's denial of his 28 U.S.C. Sec. 2255 motion to vacate his sentence. Redondo-Lemus contends the sentencing court erred by calculating his base offense level based upon 700, rather than 500 pounds of marijuana and by adjusting upward his Sentencing Guidelines offense level for being an organizer or manager in the offense of conviction. We have jurisdiction under 28 U.S.C. Secs. 1291, 2255. We review de novo, United States v. Angelone, 894 F.2d 1129, 1130 (9th Cir.1990), and we affirm.
 
 
 3
 Redondo-Lemus waived his right to attack any error in the quantity of marijuana attributed to him in the presentence report (PSR) when he failed to avail himself of the opportunity to do so contemporaneously or on direct appeal. See United States v. Keller, 902 F.2d 1391, 1393-94 (9th Cir.1990) (appellant who did not previously contest accuracy of PSR waived his right to raise issue through section 2255 motion).
 
 
 4
 Redondo-Lemus' second claim, that the district court erroneously adjusted upward his offense level based on his aggravating role in the offense, is precisely the same claim which we rejected in his direct appeal. See United States v. Redondo-Lemus, No. 92-10482, unpublished memorandum disposition (9th Cir. Aug. 18, 1993). Under these circumstances, and in the absence of an intervening change in law, this claim cannot be the basis of a section 2255 motion. See Davis v. United States, 417 U.S. 333, 342 (1974) (petitioner may relitigate issue decided on direct appeal only where there has been an intervening change in law); United States v. Redd, 759 F.2d 699, 701 (9th Cir.1985) (issues previously decided on direct appeal may not form basis of section 2255 motion); but see Walter v. United States, 969 F.2d 814, 816-17 (9th Cir.1992) (where identically-situated co-defendant prevailed on same issue in separate appeal, this court will entertain the issue on appeal).
 
 
 5
 Accordingly, the district court did not err by denying Redondo-Lemus' section 2255 motion.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3