35 F.3d 572
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Victor J. CORDERO, Defendant-Appellant.
 No. 93-35955.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 7, 1994.*
Decided Sept. 13, 1994.
 
 Before: HALL, WIGGINS, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Victor Cordero, a federal prisoner, appeals pro se the district court's denial of his 28 U.S.C. Sec. 2255 motion to set aside his conviction for conspiracy to distribute cocaine, possession of cocaine with intent to distribute, and use of a telephone to facilitate the conspiracy. We have jurisdiction under 28 U.S.C. Sec. 2255. We review de novo, United States v. Angelone, 894 F.2d 1129, 1130 (9th Cir.1990), and affirm.
 
 
 3
 Cordero contends that (1) the district court erred by failing to provide him with findings and conclusions of law to explain the denial of his Sec. 2255 motion; (2) trial counsel rendered ineffective assistance of counsel; (3) the district court erred by failing to direct the production of the superceding grand jury proceedings; and (4) the superseding indictment is unconstitutional. Cordero's contentions lack merit.
 
 
 4
 Cordero's first contention fails. The district court has the authority to summarily dismiss a Sec. 2255 motion when it is clear from the face of the motion and the annexed exhibits that the petitioner is not entitled to relief. See Rule 4(b), Rules Governing Section 2255 Proceedings.
 
 
 5
 The government contends that Cordero's second claim, ineffective assistance of counsel, is waived because he failed to raise it in the district court. See United States v. Keller, 902 F.2d 1391, 1395 (9th Cir.1990). However, it appears that Cordero may have attempted to raise ineffective assistance of counsel in his Sec. 2255 motion. Nonetheless, this claim fails because Cordero cannot show prejudice from his attorney's failure to object to the naming of unindicted coconspirators in the superceding indictment. See United States v. Strickland, 466 U.S. 668, 687 (1984) (petitioner required to show that counsel's performance was deficient, and the deficient performance prejudiced the defense). This court has already determined on direct appeal that Cordero lacks standing to challenge the superseding indictment on the ground that unindicted coconspirators were named. See United States v. Cordero, No. 90-30094, unpublished memorandum disposition (9th Cir. Mar. 2, 1992) ("Cordero cannot challenge the grand jury's authority to name his unindicted coconspirators").
 
 
 6
 Cordero's third contention is procedurally defaulted because it was not raised on direct appeal, and Cordero has not shown cause and prejudice for failure to raise it. See United States v. Dunham, 767 F.2d 1395, 1397 (9th Cir.1985).
 
 
 7
 Cordero's fourth contention was decided against him on direct appeal, and he may not relitigate the issue here. See United States v. Walter, 969 F.2d 814, 816 (9th Cir.1992); United States v. Polizzi, 550 F.2d 1133, 1135-36 (9th Cir.1976).
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3