36 F.3d 1103
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Sam MERIT, Defendant-Appellant.
 No. 93-17338.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 20, 1994.*
Decided Sept. 22, 1994.
 
 Before: SNEED, WIGGINS and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Sam Merit, a federal prisoner, appeals pro se the district court's denial of his 28 U.S.C. Sec. 2255 motion challenging his conviction. Merit contends that the federal trial court was without jurisdiction to try him for the crimes for which he was convicted because (1) he was kidnapped by officials of the United States government from the Republic of South Africa after the United States government had already invoked the applicable extradition treaty, and (2) the doctrine of specialty operated to prohibit his being charged with the crimes for which he was convicted. We review de novo, United States v. Angelone, 894 F.2d 1129, 1130 (9th Cir.1990), and we affirm.
 
 
 3
 The district court concluded that Merit's section 2255 claims were the same ones which he had raised in his direct appeal, and which we had previously rejected. See United States v. Merit, 962 F.2d 917 (9th Cir.), cert. denied, 113 S.Ct. 244 (1992). We agree. There is no real difference between the claims Merit raised on his direct appeal and the arguments with which we are faced here.
 
 
 4
 Under these circumstances, and in the absence of an intervening change in applicable law or any manifest injustice, Merit is barred from relitigating those issues by way of a section 2255 motion. See Davis v. United States, 417 U.S. 333, 342 (1974) (petitioner may relitigate issue decided on direct appeal only where there has been an intervening change in law); Walter v. United States, 969 F.2d 814, 816-17 (9th Cir.1992) (where identically-situated co-defendant prevailed on same issue in separate appeal, such "manifest injustice" requires this court to entertain the issue on appeal); United States v. Redd, 759 F.2d 699, 701 (9th Cir.1985) (issues previously decided on direct appeal may not form basis of section 2255 motion). Accordingly, the district court did not err by denying Merit's section 2255 motion.[1]
 
 
 5
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 All outstanding motions in this docket number are denied as moot