51 F.3d 282
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Guillermo Alfonso SALAZAR, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 93-56727.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 7, 1995.*
Decided March 10, 1995.
 
 Before: SNEED, POOLE, and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Federal prisoner Guillermo Alfonso Salazar appeals the denial of his 28 U.S.C. Sec. 2255 motion challenging his convictions for possession of cocaine for distribution and conspiracy to distribute cocaine. Salazar contends that the district court erred at sentencing by denying a pretrial motion to consider a late suppression motion. He also claims that the district court erroneously denied his section 2255 motion without holding an evidentiary hearing for his ineffective assistance of counsel claim. We have jurisdiction under 28 U.S.C. Secs. 1291, 2255. We review de novo the denial of a section 2255 motion, and for an abuse of discretion the denial of an evidentiary hearing. Frazer v. United States, 18 F.3d 778, 781 (9th Cir.1994). We affirm.
 
 
 3
 Generally, federal courts need not consider claims in a section 2255 petition that were previously denied in the petitioner's direct criminal appeal. See Polizzi v. United States, 550 F.2d 1133, 1135 (9th Cir.1976). Because Salazar does not claim that manifest injustice requires reconsideration of his claim, decided in his direct appeal, that the district court erred by failing to grant his pretrial motion brought under Fed.R.Crim.P. 12(f), the district court properly declined to consider the claim. See id. at 1135-36; see also Walter v. United States, 969 F.2d 814, 816-17 (9th Cir.1992).
 
 
 4
 In order to prevail on an ineffective assistance of counsel claim, a defendant must show deficient performance by counsel and prejudice to the defense. Strickland v. Washington, 466 U.S. 668, 687 (1984); United States v. Swanson, 943 F.2d 1070, 1073 (9th Cir.1991). The petitioner has the burden of showing prejudice. See United States v. Palomba, 31 F.3d 1456, 1460-61 (9th Cir.1994).
 
 
 5
 Salazar argues that a motion to suppress evidence likely would have succeeded, had his counsel filed a motion, because federal agents needed a warrant before arresting him and searching his car. We disagree. Because the federal agents, under the facts of this case, did not need a warrant to arrest Salazar in a public place, a suppression motion based on this argument would have failed. See United States v. Hoyos, 892 F.2d 1387, 1393 (9th Cir.1989), cert. denied, 498 U.S. 825 (1990). A warrant was also not required to search Salazar's automobile four days after it was impounded by federal agents following his arrest. See United States v. Ross, 456 U.S. 798, 809 (1982) (vehicle search without warrant permitted if probable cause exists to believe that it contains contraband); see also United States v. Johns, 469 U.S. 478, 484 (1985) (no requirement that warrantless search of vehicle occur contemporaneously with its lawful seizure); United States v. Klein, 860 F.2d 1489, 1494 n. 7 (9th Cir.1988) (same).
 
 
 6
 Because a suppression motion would not have succeeded, Salazar has shown no prejudice from counsel's alleged ineffectiveness. See Palomba, 31 F.3d at 1460-61. The district court did not abuse its discretion by denying Salazar an evidentiary hearing because he alleged no facts entitling him to relief. See Frazer, 18 F.3d at 781.
 
 
 7
 Salazar argues for the first time on appeal that a suppression motion would have succeeded because his car was not lawfully in the custody of federal agents, the agents exceeded the permitted scope of the search, and probable cause did not exist for his arrest and for the searches of his person and car. We do not consider these claims because Salazar did not include them in his section 2255 motion and the district court did not address them. See United States v. Johnson, 988 F.2d 941, 945 (9th Cir.1993); United States v. Keller, 902 F.2d 1391, 1395 (9th Cir.1990); see also United States v. Roberts, 5 F.3d 365, 368 n. 2 (9th Cir.1993) (claim may be considered for first time on appeal only if purely legal question not dependent on factual record and government suffers no prejudice).
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3