65 F.3d 177
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
William D. HELM, Defendant-Appellant.
 Nos. 94-30268, 94-30316, 94-30340.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 16, 1995.*
Decided Aug. 23, 1995.
 
 Before: ALARCON, FERNANDEZ, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 In these consolidated appeals William D. Helm appeals pro se from three district court orders denying more than sixty motions, writs, petitions, and other requests for relief. Some of these filings relate to Helm's convictions for disposal of household waste on public land and creating a public disturbance, his subsequent sentence, and the retention of Helm's property by the government. We deny Helm's motion to stay this appeal. We have jurisdiction under 28 U.S.C. Sec. 1291 and affirm.[1]
 
 
 3
 Helm claims that the district court committed "major fraud," and that the "trail [sic] transcripts and video tape were fraudulent." Helm apparently refers to a video tape introduced during his trial and transcripts of the trial. He does not elaborate on the purported fraud, nor indicate how the district court erred in denying any of his repeated claims relating to the transcripts or video tapes.
 
 
 4
 Because Helm presents no argument concerning his claims in his opening brief, we deem his claims relating to the video tape and trial transcripts to be abandoned. See Fed.R.App.P. 28(a)(6) (appellant's brief must contain contentions of appellant, supporting reasons, with citations to authorities, statutes, and record); United States v. Alonso, 48 F.3d 1536, 1544 (9th Cir.1995) (refusing to consider claims that violate Fed.R.App.P. 28(a)(6)).[2]
 
 
 5
 We deny Helm's numerous pending motions and requests for relief. The government requests that we sanction Helm by refusing to accept any further filings in these appeals. Although these appeals lack any merit, and Helm is subject to a pre-filing review order, see In re Helm, No 94-80272, unpublished order at 1-2 (9th Cir. Sept. 23, 1994), we decline the government's request at this juncture.
 
 
 6
 AFFIRMED.
 
 
 
 *
 We deny Helm's request for oral argument because we unanimously find this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The government contends that we lack jurisdiction over these appeals. The government's contention is incorrect. Case Nos. 94-30268 and 94-30340 involve appeals from, among other requests for relief, motions for the return of property under Fed.R.Crim.P. 41(e). We have jurisdiction these appeals. See DeMassa v. Nunez, 747 F.2d 1283, 1286 (9th Cir.1984). Case No. 94-30316 is an appeal of the denial of, among other requests, a petition for writ of mandamus. The district court had jurisdiction to issue a writ of mandamus. See 28 U.S.C. Sec. 1651. We have jurisdiction over the district court's final order denying such relief. See 28 U.S.C. Sec. 1291
 
 
 [2]
 We note that, in his direct appeal, Helm claimed that the admission of the video tape at his trial was error and that the trial transcripts were erroneous. We denied the claims, and therefore the district court did not err by refusing to address the same claims. See Polizzi v. United States, 550 F.2d 1133, 1135-36 (9th Cir.1976) (federal courts may refuse to consider claim raised in direct appeal, unless manifest injustice requires reconsideration of claim); see also Walter v. United States, 969 F.2d 814, 816-17 (9th Cir.1992)