86 F.3d 1165
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Reggie Lamont TOLER, Defendant-Appellant.
 Nos. 95-55395, 95-55769.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 7, 1996.*
Decided May 24, 1996.
 
 Before: HALL, O'SCANNLAIN and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Petitioner Reggie Lamont Toler appeals from the district court's order denying his motion for post-conviction relief pursuant to 28 U.S.C. § 2255. We affirm.
 
 I.
 
 3
 Toler argues that the district court erroneously sentenced him as a career offender pursuant to United States Sentencing Guidelines § 4A1.2. He contends that the two separate convictions at issue, the first for robbery and the second for burglary, assault with a deadly weapon and accessory to murder, were consolidated and should have been considered as one offense for purposes of U.S.S.G. § 4A1.2.
 
 
 4
 In his direct appeal, Toler raised this identical argument and the court found it without merit. We also note that the direct appeal was decided after United States v. Anderson, 942 F.2d 606 (9th Cir.1991) (en banc), the case upon which Toler bases his argument and which he argues should be applied retroactively to the facts here.
 
 
 5
 "When a federal prisoner presents a claim in a § 2255 petition that he has presented previously, the federal court retains the discretion to refuse to consider the claim on the basis that the prisoner is abusing the writ." Walter v. United States, 969 F.2d 814, 816 (9th Cir.1992). The court must entertain the claim, however, if there is manifest injustice. Id.
 
 
 6
 We do not find such injustice here, therefore we deem Toler's argument successive and decline to consider it on the merits.
 
 II.
 
 7
 Toler also raises two ineffective assistance of counsel claims. To succeed on an ineffective assistance of counsel claim, Toler must demonstrate that (1) his attorney's performance was unreasonable under prevailing standards, and (2) there is a reasonable probability that but for counsel's unprofessional errors, the result would have been different. United States v. Blaylock, 20 F.3d 1458, 1465 (9th Cir.1994) (citing Strickland v. Washington, 466 U.S. 668, 687-94 (1984)).
 
 
 8
 First, Toler contends his counsel failed to inform him that he could be sentenced as a career offender. However, during an evidentiary hearing held on the ineffective assistance of counsel claim, we note that Toler's retained counsel, Stephen Hogg, testified that he had informed Toler of the sentencing consequences attendant to conviction. Furthermore, even if Hogg had failed to communicate this information, Toler's claim fails for lack of prejudice. As the district court correctly observed, Toler would have been sentenced as a career offender regardless of whether he pled guilty or went to trial. Accordingly, we deny this claim.
 
 
 9
 Second, Toler argues that his counsel failed to inform him of a proposed plea offer from the U.S. Attorney's office. Under the proposed plea agreement, if Toler pled guilty to the possession count in the indictment, the government would dismiss the second count for conspiracy and recommend a two-level reduction in base offense level for acceptance of responsibility.
 
 
 10
 Again, we find that Toler has failed to demonstrate any prejudice.[1] Although Toler testified at the evidentiary hearing that he was never told about the plea agreement and that if he had been informed about it, he would have accepted its terms, the magistrate judge found that Toler's testimony was not credible. To the extent that Toler's testimony conflicted with that of his attorney, Stephen Hogg, the magistrate found Hogg's testimony more credible. Hogg testified that Toler was "deadset" on going to trial. According to Hogg, Toler claimed that he was not involved in the drug transaction, that he had been rounded up because he was black and in the airport, and that he had nothing whatsoever to do with the drugs.
 
 
 11
 In recommending Toler's petition be denied, the magistrate judge concluded that "[a]t all relevant times," Toler did not regard the government's case against him as strong, consistently protested his innocence and "remained adamant about pleading not guilty and going to trial."
 
 
 12
 We pay special deference to a trial court's credibility findings. Exxon Co. v. Sofec, Inc., 54 F.3d 570, 576 (9th Cir.1995). Here, we find that even if Toler had been informed about the plea agreement, Toler would likely have opted for a trial nonetheless.[2] Thus, we hold that there was not a reasonable probability that but for his attorney's performance, the result in this case would have been different.
 
 III.
 
 13
 The petition for relief is DENIED.
 
 
 
 *
 This panel unanimously agrees that this case is appropriate for submission without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We note that failure to inform Toler of the plea offer rendered his attorney's performance unreasonable under prevailing professional standards. Blaylock, 20 F.3d at 1466
 
 
 [2]
 Had Toler accepted the plea agreement, his offense level might have been reduced from 30 to 28. (In a plea agreement, the government can only recommend that an offense level be reduced. It is the trial court that makes that ultimate decision.)
 An offense level of 30, with Toler's criminal history category of VI, requires a sentence between the range of 168 to 210 months. U.S.S.G. Sentencing Table. Toler received a sentence of 168 months.
 An offense level of 28, with a criminal history category of VI, carries a guideline range of 140 to 175 months. Id.