94 F.3d 654
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Dennis Chan LAI, Defendant-Appellant.
 No. 95-10457.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 12, 1996.*
Decided Aug. 16, 1996.
 
 Before: BROWNING, SCHROEDER and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Dennis Chan Lai appeals pro se the district court's denial of his Fed.R.Crim.P. 35(a) motion to correct the life sentence that was imposed after a jury convicted him in 1988 of racketeering and conspiracy to distribute cocaine. We treat this appeal as from the denial of a 28 U.S.C. § 2255 motion. See United States v. Johnson, 988 F.2d 941, 943 (9th Cir.1993).
 
 
 3
 Lai argues on appeal that: his counsel was ineffective; his conviction violates the Double Jeopardy Clause; he was wrongly convicted of conspiring with government agents; evidence was seized in violation of the Fourth Amendment; the evidence was insufficient to support his conviction; the government withheld exculpatory evidence in violation of Brady v. Maryland, 373 U.S. 83 (1963); and the district court relied upon improper evidence in sentencing him. We have jurisdiction under 28 U.S.C. § 2255, and we affirm.
 
 
 4
 We review de novo both a district court's denial of a motion for section 2255 relief, Frazer v. United States, 18 F.3d 778, 781 (9th Cir.1994), and its resolution of a claim that counsel rendered ineffective assistance, United States v. Stearns, 68 F.3d 328, 329 (9th Cir.1995).
 
 
 5
 To prevail on a claim of ineffective assistance of counsel, a defendant must show both that his counsel's performance was deficient and that this prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 687 (1984); United States v. Swanson, 943 F.2d 1070, 1073 (9th Cir.1991). Lai's chief complaint with his trial attorney appears to be that he failed to show that all the witnesses at Lai's trial were liars and that Lai started an organization to combat juvenile delinquency.
 
 
 6
 We find no support in the record for Lai's claim that his counsel's performance was deficient or that this prejudiced his case. Indeed, we note the district court's observation that it was Lai's own incredible testimony that convicted him. We thus uphold the denial of Lai's ineffective assistance claims. See Strickland, 466 U.S. at 687; Swanson, 943 F.2d at 1073.
 
 
 7
 Lai's double jeopardy claims relating to the forfeiture of money and personalty are foreclosed by the Supreme Court's recent decision in United States v. Ursery, 116 S.Ct. 2135 (1996).
 
 
 8
 Lai next argues that he was wrongly convicted of conspiring with government agents. We deny this claim because it is premised on Lai's mistaken perception that government witnesses are government agents. There is nothing in the record to suggest that any of Lai's codefendants was cooperating with the government before trial. Cf. United States v. Escobar de Bright, 742 F.2d 1196, 1199 (9th Cir.1984) (it is impossible to conspire with an undercover law enforcement agent).
 
 
 9
 We refuse to consider Lai's Fourth Amendment, sufficiency of the evidence and Brady claims because we previously considered and rejected them on direct appeal. United States v. Lai, 944 F.2d 1434 (9th Cir.1991), cert. denied, 502 U.S. 1062 (1992); United States v. Lai, Nos. 92-10732, 92-10733 (9th Cir. July 26, 1995), cert. denied, 116 S.Ct. 1057 (1996). See Walter v. United States, 969 F.2d 814, 816 (9th Cir.1992) ("when a federal prisoner presents a claim in a § 2255 [motion] that he has presented previously, the federal court retains the discretion to refuse to consider the claim on the basis that the prisoner is abusing the writ"). Lai's sentencing claim is waived. See United States v. Schlesinger, 49 F.3d 483, 485 (9th Cir.1995) (nonconstitutional sentencing errors not raised on direct appeal have been waived). We affirm the district court's denial of Lai's motion for relief.
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3