105 F.3d 667
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Gerald L. ROGERS, Defendant-Appellant.
 No. 95-55291.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 16, 1996.*
Decided Dec. 19, 1996.
 
 Before SNEED, TROTT, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Gerald L. Rogers, a federal prisoner, appeals pro se the district court's denial of his second 28 U.S.C. § 2255 motion to vacate his sentence for mail fraud (18 U.S.C. § 1341) and causing the filing of a false tax returns (28 U.S.C. § 7206(2)). We review de novo the denial of a section 2255 motion. Frazier v. United States, 18 F.3d 778, 781 (9th Cir.1994). We have jurisdiction pursuant to 28 U.S.C. §§ 1291, 2255, and we affirm.
 
 
 3
 Rogers contends that his tax conviction is invalid because the evidence did not support a finding of willfulness as required by section 7206(2). We have already concluded, however, on Roger's direct appeal that "[i]n providing information he knew to be false to taxpayers, Rogers acted 'willfully' within the meaning of section 7206(a)." United States v. Rogers, No. 90-50814, unpublished memorandum disposition (9th Cir.1993). Accordingly, because this issue has been presented and denied previously, and because no manifest injustice would result from not considering this claim, the district court did not err by rejecting the claim. See Walter v. United States, 969 F.2d 814, 816 (9th Cir.1992). Similarly, Rogers failed to present any new evidence that would warrant reconsideration of his mail fraud conviction or of the Brady violations that allegedly occurred during his criminal proceeding. See id.
 
 
 4
 Rogers contends that he was denied effective representation because of his counsel's conflict of interest. Specifically, Rogers contends that his counsel, acting under pressure from the government, (1) advised him to waive a jury trial so as to avoid issuance of instructions that would have established his innocence, and (2) failed to seek exculpatory evidence from the government regarding the government's role in influencing and bribing Panamanian public officers.
 
 
 5
 First, Rogers's assertions that his counsel was intimidated by the government during the grand jury proceedings in an unrelated case fails to provide a sufficient factual support for his claim that his counsel actively represented conflicting interests. See United States v. Mims, 928 F.2d 310, 313 (9th Cir.1991) ("this court will not create a conflict out of mere conjecture as to what might have been shown"). Second, even if Rogers could demonstrate conflict, he fails to demonstrate any specific adverse affect on his attorney's performance. See Fitzpatrick v. McCormick, 869 F.2d 1247, 1251 (9th Cir.), cert. denied, 493 U.S. 872 (1989).
 
 
 6
 Finally, Rogers contends that his tax conviction should be set aside on double jeopardy grounds because of his previous and Securities and Exchange Commission proceeding. This contention lacks merit because Rogers has failed to show how the prior proceeding for injunctive relief was "so extreme and so divorced from the Government's damages and expenses as to constitute punishment.' " United States v. Gartner, 93 F.3d 633, 634 (9th Cir.1996) (quoting United States v. Ursery, 116 S.Ct. 2135, 2141 (1996).
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3