**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Jose Luis NUNEZ–HERNANDEZ, aka
Jose Nunez, Defendant–Appellant.**

No. 03–35725.

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 14, 2004.*

Decided Oct. 22, 2004.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: KLEINFELD, TASHIMA and GOULD, Circuit Judges.

### MEMORANDUM **

Federal prisoner Jose Nunez–Hernandez appeals the district court's dismissal of his 28 U.S.C. § 2255 motion to vacate, alter, or set aside his sentence. We have jurisdiction pursuant to 28 U.S.C. § 2253(a), and we affirm.

In the § 2255 motion, Nunez–Hernandez argued that there was insufficient evidence to convict him of aiding and abetting the use and/or carrying of a firearm during a drug trafficking offense. In his direct appeal, Nunez–Hernandez raised an essentially identical argument and this court found it to be without merit. *See United States v. Nunez–Hernandez,* No. 99–30006 (9th Cir. May 24, 2000) (unpublished memorandum disposition). As there has been no showing of "manifest injustice," we decline to consider this claim. *See Walter v. United States,* 969 F.2d 814, 816 (9th Cir. 1992) ("[W]hen a federal prisoner presents a claim in a § 2255 petition that he has presented previously, the federal court retains the discretion to refuse to consider the claim on the basis that the prisoner is abusing the writ.").

To the extent that Nunez–Hernandez is attempting now to assert a claim not raised on direct appeal, it is procedurally defaulted. *See Bousley v. United States,* 523 U.S. 614, 621, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998). Nunez–Hernandez has not made the necessary showing of cause, prejudice or actual innocence to relieve the default. *See id.* at 623–24, 118

S.Ct. 1604. The district court thus properly dismissed this claim.

AFFIRMED.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

