UNITED STATES of America,
Plaintiff—Appellee,

v.

Robert W. JOHNSON, Defendant—
Appellant.

United States of America,
Plaintiff—Appellee,

v.

Joel Y. Muranaka, Defendant—
Appellant.

Nos. 00–10424, 00–10458.
D.C. No. CR–98–20092–RMW.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted July 10, 2002.

Decided Aug. 5, 2002.

Before CANBY and RYMER, Circuit Judges, and BERTELSMAN,* Senior District Judge.

MEMORANDUM **

Robert W. Johnson and Joel Y. Muranaka appeal their convictions and sentences for conspiracy and drug-related charges. We have jurisdiction under 28 U.S.C. § 1291, and we affirm on all issues.

I.  *Motion to Suppress*

A.  Mecir's affidavit

Both defendants argue that the district court erred in upholding the searches of their property given that the affidavit used to obtain the search warrant contained misrepresentations by officer Robert Mecir (Mecir) of the Santa Clara County Sheriff's Department. After a two-day hearing, the district court held that Mecir's statements as to where he was when he smelled marijuana were "misleading and probably intentionally so." Nonetheless, the district court only struck the part of the affidavit concerning where and when Mecir smelled marijuana, not the portion regarding whether he smelled marijuana.

We review credibility determinations made by the district court at a suppression hearing under a clearly erroneous standard. *United States v. Spires,* 3 F.3d

* Honorable William O. Bertelsman, Senior United States District Judge for the Eastern District of Kentucky, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

1234, 1237 (9th Cir.1993). While we find Mecir's misrepresentations troubling, we cannot say under a clearly erroneous standard the district court's finding that Mecir *smelled* the odor of marijuana is in error. Simply because the district court did not believe portions of Mecir's testimony, does not dictate that it had to discredit all of his testimony. *See Sea Hawk Seafoods, Inc. v. Alyeska Pipeline Service Co.,* 206 F.3d 900, 912 (9th Cir.), *cert. denied,* 531 U.S. 919, 121 S.Ct. 283, 148 L.Ed.2d 203 (2000) (citation omitted). Accordingly, we find that the district court did not err in holding that probable cause existed to support the search warrant affidavit.

### B. The overflight

The defendants also contend that the district court erred in denying the motion to suppress because officers conducted a warrantless thermal imaging search of the barn during an overflight of the property. Defendants rely on *Kyllo v. United States,* 533 U.S. 27, 121 S.Ct. 2038, 150 L.Ed.2d 94 (2001) for their argument. However, *Kyllo* applies only to a home. In the present matter, the district court held that the barn was not a home for either defendant. The evidence upon which the district court relied included that the structure was barn-like; neither defendant lived in the barn; and no items normally associated with residential living were located at the property. Based upon a review of this evidence, we hold that the district court's finding that the structure was not a home was not clearly erroneous. Therefore, the overflight was not an illegal warrantless search of the property. *See Dow Chemical Co. v. United States,* 476 U.S. 227, 239, 106 S.Ct. 1819, 1827, 90 L.Ed.2d 226 (1986).

### C. The nexus between the barn and the residences

The defendants also contend that the affidavit did not establish a sufficient nexus with the barn to justify the search of their homes. There need be "only a reasonable nexus between the activities supporting probable cause and the locations to be searched." *United States v. Pitts,* 6 F.3d 1366, 1369 (9th Cir.1993) (citation omitted). "[I]n the case of drug dealers, evidence is likely to be found where the dealers live." *Id.* (citations omitted).

Given the evidence of the large scale marijuana growing operation; the joint ownership of the Summit Road property; and the trips to and from the defendants' residences to the Summit Road property, the district court did not err in holding an adequate nexus existed between the barn and the residences to support probable cause to search the defendants' homes.

### D. Rule 41(d)

Defendant Johnson also claims that the district court erred in denying his motion to suppress based on his allegations that the officers failed to leave copies of the warrants or property receipts pursuant to Federal Rule of Criminal Procedure 41(d). Although there is testimony in the record that the officers did comply with Rule 41(d), we find that even without this testimony, there was no error on the part of the district court in denying Johnson's motion to suppress. The violations claimed by Johnson were merely technical violations and did not require suppression. *See e.g., United States v. Motz,* 936 F.2d 1021, 1025 (9th Cir.1991).

### II. Speedy Trial Act

### A. First indictment

Defendants moved the district court to dismiss the first indictment for violations

of the Speedy Trial Act, 18 U.S.C. § 3162(a)(2). After a hearing on the matter, the district court dismissed the first indictment without prejudice. Defendants contend it was error for the district court to dismiss the indictment without prejudice. We review the district court's application of the Speedy Trial Act *de novo*, and its factual findings for clear error. *United States v. Messer*, 197 F.3d 330, 336 (9th Cir.1999) (citations omitted). The district court's decision to dismiss without prejudice is reviewed for abuse of discretion. *United States v. White*, 864 F.2d 660, 661 (9th Cir.1988).

To determine whether to dismiss the indictment with or without prejudice, the district court must consider three factors: (1) the seriousness of the offense; (2) the facts and circumstances of the case which led to the dismissal; and (3) the impact of a reprosecution on the administration of the Act and on the administration of justice. *United States v. Pena–Carrillo*, 46 F.3d 879, 882 (9th Cir.), *cert. denied*, 514 U.S. 1122, 115 S.Ct. 1990, 131 L.Ed.2d 876 (1995) (*citing* 18 U.S.C. § 3162(a)(1)). The district court also must conduct a hearing on notice, make factual findings and apply these three factors. *Id.* (*citing United States v. Taylor*, 487 U.S. 326, 108 S.Ct. 2413, 101 L.Ed.2d 297 (1988)).

After a hearing on the matter, the district court made factual findings on the above factors. The court found that the offenses with which the defendants were charged were serious in light of the number of narcotics-related offenses and the sizable amount of marijuana at issue.

The court also found that a number of other facts leading to the dismissal weighed in favor of dismissing without prejudice. These facts included that the defendants were not incarcerated during the pretrial period and that their liberty was not significantly restricted during the

delay; there was no significant showing of prejudice or inability to prepare for trial due to the delay; and that the delay was due in part to the defendants' requests for continuances.

As to the final factor, the impact of reprosecution, the district court found that reprosecution would not offend the administration of justice nor the administration of the Speedy Trial Act. Accordingly, the district court dismissed the indictment without prejudice.

■ In reviewing these factors, we conclude that the first indictment was correctly dismissed without prejudice. Further, we find that there was no showing by defendants of a ruse by the United States intended to bypass the Speedy Trial Act. Therefore, we affirm the district court's holding as to the first indictment.

### B. Second indictment

■ Defendants also contend that the district court erred in not dismissing the second indictment where the trial did not commence within seventy days from the date triggered by the first indictment. We review the sufficiency of an indictment under a *de novo* standard, *United States v. Musacchio*, 968 F.2d 782, 787 (9th Cir. 1991) (citation omitted), and we agree with the district court. Where an indictment is dismissed on the defendants' motion, the return of a subsequent indictment triggers a new seventy-day period under the Speedy Trial Act. *United States v. Magana–Olvera*, 917 F.2d 401, 404 (9th Cir. 1990) (citations omitted).

■ Defendants also argue that the district court erred in not dismissing the second indictment because the government took more than thirty days for the second indictment. However, because defendants were indicted without an arrest, the thirty-day time period under 18 U.S.C. § 3161(b)

was not violated. *See e.g. United States v. Marion*, 404 U.S. 307, 321, 92 S.Ct. 455, 30 L.Ed.2d 468 (1971); *Arnold v. McCarthy*, 566 F.2d 1377, 1382 (9th Cir.1978).

Defendants' final argument under the Speedy Trial Act is that the seventy-day period under 18 U.S.C. § 3161(c)(1) was violated when the district court granted a four-month continuance. At a hearing held on May 10, 1999, the district court questioned the attorneys regarding their schedules for a trial date. While the prosecuting attorney was prepared to try the case in late June, Johnson's attorney stated that he could not do so. Based on the attorneys' scheduling conflicts, the district court found that a September date would work for everyone and the ends of justice were served by the delay outweighing the best interest of the public and the defendants in a speedy trial. The court based this finding on the agreement of the parties concerning the need to ensure continuity of counsel within the meaning of 18 U.S.C. § 3161(h)(8)(iv).

This court has held that in order to comply with the Speedy Trial Act, the district court must satisfy two requirements whenever it grants an "ends of justice" continuance: "(1) the continuance must be 'specifically limited in time'; and (2) it must be 'justified [on the record] with reference to the facts as of the time the delay is ordered.'" *United States v. Lloyd*, 125 F.3d 1263, 1268 (9th Cir.1997) (*citing United States v. Jordan*, 915 F.2d 563, 565–66 (9th Cir.1990); *accord United States v. Clymer*, 25 F.3d 824, 828 (9th Cir.1994); *United States v. Pollock*, 726 F.2d 1456, 1461 (9th Cir.1984)). We find that the district court complied with these requirements given the counsels' unavailability. Hence, the delay was properly excluded.

### III. Johnson's Post–Arrest Statements

Defendant Johnson argues that the district court erred in failing to suppress his post-arrest statements. He maintains that despite his asking to speak with an attorney, he was questioned without one present. Thus, he argues that his Fifth Amendment rights were violated after he invoked his rights under *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

The district court held a hearing on Johnson's motion to suppress. Three officers testified at the hearing in direct conflict with the facts alleged in Johnson's declaration concerning his questioning, request of an attorney and whether he was given a proper *Miranda* warning. Hence, the district court was faced with a credibility issue, which this court reviews for clear error. *United States v. Bishop*, 264 F.3d 919, 924 (9th Cir.2001) (citations omitted).

The three officers testified and were subject to cross-examination, while Johnson's declaration was not likewise subject to cross-examination. Upon consideration of the testimony given at the hearing, the district court credited the officers' testimony. After reviewing the record, we cannot say that this credibility finding was in error. Accordingly, the district court did not err in admitting Johnson's post-arrest statements.

### IV. Johnson's Sixth Amendment Claims

Johnson complains that his Sixth Amendment right to counsel was violated when he was not warned of time restrictions at the trial at the time he requested to represent himself at his trial. The court finds no merit in this argument.

Pursuant to *Faretta v. California*, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975), Johnson had a constitutional right to represent himself where his decision

was "made with eyes open." The district court in this matter strongly advised Johnson against representing himself and questioned him extensively regarding the standards that would be required of Johnson if he did represent himself. It was during the hearing in which Johnson requested self representation that the district court set time limits in this matter. Johnson was fully aware that he would be subjected to the time limits, the same as the other attorneys in the matter. Nonetheless, he continued to represent himself once he was aware of the time limits. Given the admonitions the district court gave and the detailed questioning to ensure that Johnson was aware of the requirements he would have to meet in representing himself, we find that his Sixth Amendment right to counsel was not violated.

### V. The Open–Ended Indictment

Johnson attacked the validity of his indictment arguing that it was improperly open-ended as to the time span in the indictment. He objected to the indictment in an in limine motion, which the district court denied. The district court also barred Johnson from arguing at trial that the government was introducing evidence of acts beyond the applicable statute of limitations for the conspiracy.

■ The use of open-ended dates in a conspiracy case is not defective where the indictment provides a narrowing focus. *United States v. Laykin*, 886 F.2d 1534, 1542 (9th Cir.1989), *cert. denied*, 496 U.S. 905, 110 S.Ct. 2586, 110 L.Ed.2d 267 (1990). In the present case, the indictment was narrowed by a fixed date at one end and by the allegation of the overt acts with which Johnson was charged. Therefore, the indictment contained sufficient information for Johnson to have prepared an adequate defense.

■ Furthermore, Johnson's argument regarding the government's presentation of evidence outside the statute of limitations has no merit. "The statute of limitations does not bar the introduction of evidence of acts that occurred outside the limitations period." *Musacchio*, 968 F.2d at 790 (note omitted).

### VI. Juror Error

Defendant Johnson argues that the trial court erred in denying his challenge for cause of a juror who he alleges was biased against him because of his choice of self representation. We review a district court's findings regarding actual juror bias for manifest error or abuse of discretion. *United States v. Gonzalez*, 214 F.3d 1109, 1112 (9th Cir.2000) (citation omitted).

■ Upon the district court's questioning the juror regarding bias, the juror replied that to the best of her ability, she would not be influenced by Johnson's self representation and would not hold it against him. In light of the district court's detailed questioning of the juror on bias and her responses thereto, we find that the district court did not abuse its discretion in finding that the juror was not biased.

### VII. Apprendi Issue

In *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), the Court held that any factor which increased the penalty for a crime beyond the statutory maximum must be submitted to a jury and proved beyond a reasonable doubt. The defendants in the present case were sentenced prior to the *Apprendi* decision and hence, the jury was not instructed that it had to determine any particular amount of marijuana in order to convict the defendants. The defendants presently argue that because there has been no finding by a jury on the amount of marijuana, the district court was required

under *Apprendi* to impose the minimum statutory penalty range of zero to five years pursuant to 21 U.S.C. § 841(b)(1)(D). The United States concedes there was error under *Apprendi.* Nonetheless, it argues the error was harmless because the sentence would not have been different even if the district court had complied with *Apprendi.* We review defendants' sentence on this issue for harmless error beyond a reasonable doubt. *United States v. Smith,* 282 F.3d 758, 771 (9th Cir.2002) (citations omitted).

■ The evidence at trial in the present case was that nearly 1000 marijuana plants were discovered at the Summit Road property. Given the number of plants seized, we find that pursuant to *United States v. Buckland,* 289 F.3d 558 (9th Cir.2002) (en banc), the *Apprendi* error was harmless. We so hold because on the basis of the evidence at trial, no rational juror could have found the defendants guilty of possessing fewer than 100 marijuana plants, the minimum number necessary to trigger the statutory maximum under 21 U.S.C. § 841(b)(1)(B)(vii). Therefore, the *Apprendi* error was harmless.

## VIII. *Obstruction of Justice Enhancement*

The defendants argue that the district court erred in imposing a two-level enhancement to the defendants' guideline score for obstruction of justice under U.S.S.G. § 3C1.1 because the district court failed to make sufficient findings to support the enhancement. We review the factual findings in support of an obstruction of justice sentencing enhancement for clear error and application of the enhancement to those facts for an abuse of discretion. *United States v. Garcia–Guizar,* 160

F.3d 511, 524 (9th Cir.1998), *amended by* 234 F.3d 483 (2000), *cert. denied,* 532 U.S. 984, 121 S.Ct. 1629, 149 L.Ed.2d 490 (2001).

■ Upon a review of the record, we hold that the district court's findings are sufficient to support the enhancement and that the district court adequately explained the basis for the enhancement. This explanation included specific findings on defendants' testimony regarding defendants' knowledge about the location of marijuana and their explanations about rent money and documentation. This testimony was material to the charges. We find this explanation adequate, and accordingly we find no error.

AFFIRMED.